LARRY L. SHARP, ADMINISTRATOR (ESTATE OF DAVID C. SHARP), ET AL. *v.* WYATT, INC., ET AL.
(14862)

PETERS, C. J., BORDEN, BERDON, NORCOTT and KATZ, Js.

Argued May 11—decision released July 5, 1994

*Jane E. Hugo,* with whom on the brief, was *Richard A. Jontos,* for the appellant (named defendant).

*Ben A. Solnit,* with whom were *Kevin M. Tepas, Sergio C. Deganis* and, on the brief, *Robert W. Allen,*

*Thomas R. Gerarde, J. Kevin Golger* and *James G. Geanuracos,* for the appellants (defendant Exxon Company, U.S.A., et al.).

*Michael P. Koskoff,* with whom was *Rosalind J. Koskoff* and, on the brief, *Joan C. Harrington,* for the appellees (plaintiffs).

PER CURIAM. This appeal concerns the scope of liability under the warnings provision of Connecticut's product liability statute, General Statutes § 52-572q.[1] The named defendant, Wyatt, Inc. (Wyatt), a wholesale distributor of petroleum products, sold its products to the Norbert E. Mitchell Company (Mitchell), a retail fuel dealer in Danbury. Mitchell stored the petroleum products on its premises in underground tanks surrounding a vault that housed valves. On February 3, 1983, three employees of Mitchell died from asphyxiation after descending into the vault.

On January 24, 1985, the plaintiffs,[2] as administrators of the decedents' estates, brought this action

---

[1] General Statutes § 52-572q provides: "LIABILITY OF PRODUCT SELLER DUE TO LACK OF ADEQUATE WARNINGS OR INSTRUCTIONS. (a) A product seller may be subject to liability for harm caused to a claimant who proves by a fair preponderance of the evidence that the product was defective in that adequate warnings or instructions were not provided.

"(b) In determining whether instructions or warnings were required and, if required, whether they were adequate, the trier of fact may consider: (1) The likelihood that the product would cause the harm suffered by the claimant; (2) the ability of the product seller to anticipate at the time of manufacture that the expected product user would be aware of the product risk, and the nature of the potential harm; and (3) the technological feasibility and cost of warnings and instructions.

"(c) In claims based on this section, the claimant shall prove by a fair preponderance of the evidence that if adequate warnings or instructions had been provided, the claimant would not have suffered the harm.

"(d) A product seller may not be considered to have provided adequate warnings or instructions unless they were devised to communicate with the person best able to take or recommend precautions against the potential harm."

[2] The plaintiffs include Larry Sharp as administrator of the estate of David C. Sharp, Cheryl A. Vidal as administrator of the estate of Robert K. Vidal and Judith M. Entress as administrator of the estate of Alois C. Entress.

against Wyatt, alleging that Wyatt had failed properly to warn the plaintiffs' decedents of the hazards associated with the storage of petroleum products. Wyatt impleaded its oil suppliers as third party defendants and the plaintiffs thereafter filed an amended complaint naming the suppliers as defendants.[3] Subsequently, all of the defendants filed motions for summary judgment in which they asserted that, as a matter of law, their products were neither defective nor the proximate cause of the decedents' deaths. The defendants also claimed that the plaintiffs' action was barred by the sophisticated user doctrine[4] and the two year statute of limitations provision[5] contained in General Statutes § 52-577c (b).[6]

The trial court granted the defendants' motions for summary judgment and the plaintiffs appealed to the Appellate Court, which reversed the trial court's decision. *Sharp* v. *Wyatt, Inc.*, 31 Conn. App. 824, 855, 627 A.2d 1347 (1993). The Appellate Court concluded that the trial court had improperly determined that: (1) § 52-572q requires a threshold showing that the product was defective in order to assess whether warnings were required; (2) the doctrine of foreseeability applies to the causation analysis under § 52-572q (c);[7]

[3] The defendant oil suppliers include Exxon Company, U.S.A, Philbro Distributors, Inc., Moore McCormack Petroleum, Inc., Mount Airy Trading Company, Northville Caribbean Corporation, and B.P. North America Trading, Inc.

[4] The defendant oil suppliers asserted the sophisticated user doctrine against Wyatt, while Wyatt asserted the doctrine against the plaintiffs.

[5] The defendant oil suppliers raised the two year statute of limitations defense against Wyatt and the plaintiffs. Wyatt did not raise this defense against the plaintiffs.

[6] General Statutes § 52-577c (b) provides in relevant part: "[N]o action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment shall be brought but within two years from the date when the injury or damage complained of is discovered or in the exercise of reasonable care should have been discovered."

[7] The Appellate Court concluded that, for purposes of the causation analysis under the statute, neither subsection (b) nor subsection (c) of General

and (3) the plaintiffs failed to raise a genuine issue of material fact concerning leakage of the defendants'

---

Statutes § 52-572q implicates the doctrine of foreseeability. We recognize, however, that the Appellate Court did indicate, at least by implication, that foreseeability may be implicated under subsection (b), because it noted that subsection (b) calls on the trier of fact to consider the "likelihood that the product would cause the harm suffered by the plaintiff" as a factor in determining whether a product is defective for failure of its seller to provide adequate warnings.

The parties did not argue, and the Appellate Court did not address, the issue of whether the doctrine of foreseeability is implicated under subsection (a) of the statute for purposes of causation. As we recently noted in *Elliot* v. *Sears, Roebuck & Co.*, 229 Conn. 500, 505, 642 A.2d 709 (1994), our product liability act was not patterned after the Model Uniform Product Liability Act (model act); 44 Fed. Reg. 62,714–50 (1979); but rather is based on the Draft Uniform Product Liability Law (draft act), published in 44 Fed. Reg. 2996 et seq. (1979). Section 104 of the draft act, after which § 52-572q was patterned, states, in part, that "[a] product seller may be subject to liability for harm *caused to* a claimant . . . ." (Emphasis added.) Draft Uniform Product Liability Law, Department of Commerce, Office of the Secretary, 44 Fed. Reg. 2998 (Jan. 12, 1979). In contrast, § 104 of the model act states, in part, that "[a] product manufacturer is subject to liability to a claimant who proves . . . that the claimant's harm was *proximately caused* . . . ." (Emphasis added.) Model Uniform Product Liability Act, Department of Commerce, Office of the Secretary, 44 Fed. Reg. 62,721 (Oct. 31, 1979). Whether this difference between the draft act and the model act bears on the question of whether the doctrine of foreseeability is implicated under § 52-572q (a) is an issue we leave for another day.

Even if we were to decide that the doctrine of foreseeability is implicated under § 52-572q (a), summary judgment would be inappropriate in this case. In their motions for summary judgment, the defendants, as the moving parties, did not raise the issue of whether *inadequate warnings* proximately caused the harm to the plaintiffs' decedents. The defendants argued only that the plaintiffs' failure to identify the offending petroleum product prevented them from proving that any alleged defect in the defendants' products caused the injuries of the plaintiffs' decedents. The defendants, therefore, failed to sustain their burden of showing the nonexistence of any material fact regarding this issue. See *Wadia Enterprises, Inc.* v. *Hirschfeld*, 224 Conn. 240, 247, 618 A.2d 506 (1992); *Connell* v. *Colwell*, 214 Conn. 242, 251, 571 A.2d 116 (1990). Furthermore, because the trial court, sua sponte, raised the issue of whether the doctrine of foreseeability was implicated under § 52-572q (c), the plaintiffs never had the opportunity to present the evidence set forth to this court that the defendants could have foreseen that their products were stored and transported in many types of confined spaces that created the potential hazard of low oxygen and the danger of asphyxiation.

petroleum products into the vault. Additionally, the Appellate Court concluded that: (1) pursuant to § 52-572q (b), the sophisticated user doctrine is a factor to be considered in determining the need for warnings and is not an affirmative defense; and (2) the plaintiffs had raised genuine issues of material fact regarding the applicability of the two year statute of limitations provision contained in § 52-577c (b). We granted the defendants' petition for certification to appeal regarding these issues.[8] *Sharp* v. *Wyatt, Inc.*, 228 Conn. 904, 634 A.2d 298 (1993).

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court must be affirmed. The issues on which we granted certification were properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion therein contained. Cf. *Whisper Wind Development Corp.* v. *Planning & Zoning Commission*, 229 Conn. 176, 177, 640 A.2d 100 (1994); *Board of Education* v. *State Board of Education*, 228 Conn. 433, 436, 636 A.2d 378 (1994); *Stankiewicz* v. *Zoning Board of Appeals*, 211 Conn. 76, 78, 556 A.2d 1024 (1989).

The judgment of the Appellate Court is affirmed.

---

[8] We granted the defendants' petition for certification to appeal limited to the following issues:

"1. Did the Appellate Court properly conclude that, under the facts of this case, the trial court improperly: (a) determined that General Statutes § 52-572q requires a showing that the product was defective in order to determine that warnings were required; (b) determined that the doctrine of foreseeability applies under General Statutes § 52-572q?

"2. Did the Appellate Court properly conclude that there was a question of fact regarding whether the defendants' oil products leaked into the vault, in the absence as parties of the other suppliers of the oil in the tanks?

"3. Did the Appellate Court properly conclude that the defendants could not use the doctrine of sophisticated user as an affirmative defense?

"4. Did the Appellate Court properly conclude that there was a question of fact regarding whether the two-year statute of limitations of General Statutes § 52-577c (b) applied to the facts of this case?" *Sharp* v. *Wyatt, Inc.*, 228 Conn. 904, 905, 634 A.2d 298 (1993).