[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT AND OBJECTION TOREQUEST TO AMEND
The facts relevant to this motion for summary judgment can most easily be summarized from one of the appellate decisions in this matter, Sharp v. Wyatt, Inc., 31 Conn. App. 824,627 A.2d 1347 (1993), aff'd, 230 Conn. 12, 644 A.2d 871 (1994). Prior to the events at issue, one of the defendants in this matter, Wyatt, Inc. (Wyatt), purchased petroleum products from the defendants, B.P. North America Trading, Inc.; Exxon Company, U.S.A.; Moore McCormack Petroleum, Inc.; Mount Airy Trading Company (MATCO), the moving defendant herein; Northville Caribbean Corporation; and Phibro Distributors, Inc. Wyatt then sold these products to CT Page 1114 the Norbert E. Mitchell Company (Mitchell Fuel), the plaintiffs' decedents' employer, for retail sale. Id., 827.
"Mitchell Fuel stored the defendants' petroleum products on its premises in seven underground tanks of which five contained number two oil, one diesel fuel, and the other kerosene. The tanks surrounded a vault that housed valves but did not, by design, store petroleum products. Employees of Mitchell Fuel frequently entered the vault via a ladder through a thirty-six inch manhole, but they never first tested oxygen levels in the tank or used protective gear." Id.
"On February 3, 1983, Norbert E. Mitchell, Jr., directed his employee, David C. Sharp, to enter the vault and to shut off a valve. Prior to that time, nearly six months had elapsed since anyone had entered the vault. When Mitchell heard banging noises, he instructed another employee of Mitchell Fuel, Robert Vidal, to aid Sharp, but Vidal collapsed at the bottom of the ladder. Mitchell left the area to call for help. Before Mitchell returned, Alois Entress descended the ladder with a rope. He, too, collapsed at the bottom of the ladder. As a result of this incident, the three employees who descended into the vault each died from asphyxiation." Id., 827-28. The plaintiffs in this action are the "administrators of the estates of David C. Sharp, Robert Vidal and Alois Entress." Id., 826 n. 1.
The plaintiffs filed this suit against Wyatt on January 28, 1985. Wyatt impleaded MATCO as a third party defendant on July 17, 1985. The plaintiffs filed a motion to cite in MATCO as a party defendant on May 14, 1987, which motion the court granted on June 9, 1987. Subsequently, the plaintiffs served a summons and complaint on MATCO, and on August 31, 1987 MATCO filed its answer and special defenses.
On October 24, 1994, MATCO filed this motion for summary judgment arguing that the plaintiffs' action against them is barred by the statute of limitations. On November 8, 1994, the plaintiffs filed a memorandum in opposition to MATCO's motion arguing that a genuine issue of material fact exists as to the statute of limitations defense. Their position is that the statute begins to run when the plaintiffs should reasonably have discovered the facts underlying their products liability claim.
On July 28, 1994, MATCO filed a request for leave to amend its special defenses to add the defense of the statute of CT Page 1115 limitations based on exposure to noxious substances contained in General Statutes, Sec. 52-577c. The plaintiffs filed an objection to this request on August 3, 1994, arguing that the request should be denied due to the seven year delay by MATCO in pleading the special defense.
I. STATUTE OF LIMITATIONS
"Practice Book, Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Water Way Properties v. Colt'sMfg. Co., 230 Conn. 660, 664, 646 A.2d 143 (1994). The moving party has the burden of showing the absence of any genuine issue as to all material facts. Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
"`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105-06, 639 A.2d 507
(1994). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380,260 A.2d 596 (1969). A statute of limitations defense is appropriately decided on a motion for summary judgment. Burns v.Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984).
MATCO argues that since the deaths in this case occurred on February 3, 1983, and the action was filed against them on May 14, 1987, the three year statute of limitations contained in General Statutes, Sec. 52-577a had expired, thereby barring the plaintiffs' suit. In response, the plaintiffs contend that the statute of limitations began to run when the "plaintiff[s] discovered the elements of the cause of action against the defendant," which, they submit, occurred on or after May 14, 1984.
General Statutes, Sec. 52-577a mandates, in pertinent part, that "[n]o product liability claim . . . shall be brought but within three years from the date when the injury, death or CT Page 1116 property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."
"In Connecticut, a [product liability] cause of action accrues when a plaintiff suffers actionable harm. Catz v.Rubenstein, 201 Conn. 39, 43, 513 A.2d 98 (1986). Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injury." Champagnev. Raybestos-Manhattan, Inc., 212 Conn. 509, 521, 562 A.2d 1100
(1989); see also Gnazzo v. G.D. Searle Co., 973 F.2d 136, 138-39
(2nd Cir. 1992) (discussing the accrual standard under General Statutes, Sec. 52-577a). The focus of the inquiry is on the discovery of the "legal injury." Catz v. Rubenstein, supra, 47.
A further articulation of the phrase "actionable harm" is contained in Lambert v. Stovell, 205 Conn. 1, 6, 529 A.2d 710
(1987). "`Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action. [Citation omitted.] `The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories.'"
Since MATCO has requested this court to decide the statute of limitations issue on a motion for summary judgment, MATCO "must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250
(1988). In the present case, MATCO has not carried this burden.
MATCO has filed no affidavits or other evidence in support of its position that the statute of limitations has run. The only attachments to its motion are documents and pleadings already contained in the court file. In response to MATCO's motion, the plaintiffs' attorney filed an affidavit setting forth the dates when he contends that the facts underlying the cause of action were discovered. The Connecticut Supreme Court "strongly disapproves" of attorneys filing affidavits of fact on behalf of their clients to support or oppose a motion for summary judgment.Barnes v. Schlein, 192 Conn. 732, 737 n. 7, 473 A.2d 732 (1984). MATCO, however, has not objected to this court's consideration of the affidavit. Moreover, considering the complexities of this case, the attorney, as agent for the plaintiffs, should be able to speak to the discovery of the cause of action. See Gaddy v.Long Wharf Development Associates, Superior Court, Judicial CT Page 1117 District of New Haven, Docket No. 34 23 64 (March 23, 1994, Fracasse, J.) (allowing consideration of the affidavit of the plaintiff's attorney filed in response to a summary judgment motion based on a statute of limitations defense). Thus, the affidavit should be considered.
The facts contained in the plaintiffs' affidavit, which this court must assume to be true, Suarez v. Dickmont Plastics Corp. , supra, 105-06, are as follows: In January, 1985, the plaintiffs filed a products liability action against Wyatt, the supplier of oil to Mitchell Fuel. "Prior to this complaint, plaintiffs did not know and, with reasonable care, could not have discovered the existence of the essential elements of a cause of action in products liability." Plaintiffs' Affidavit at 2. The plaintiffs' attorney avers that "[p]rior to January, 1985, this office engaged in extensive research and investigation regarding the bringing of a products liability claim and did not discover its existence until after May 14, 1984." Id.
"`To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's . . . documents.'" Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 579, 573 A.2d 699 (1990). The plaintiffs have recited specific facts in their affidavit that establish that it is not so clear what the truth is with regard to the discovery of the facts underlying their products liability cause of action against MATCO. MATCO has not proffered any evidence that establishes beyond doubt that the plaintiffs should have reasonably discovered the existence of the facts giving rise to their cause of action on or before May 14, 1984. "Generally speaking, summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial. [Citations omitted.] It is, however, apt to be ill adapted to cases of a complex nature . . . which often need the full exploration of trial." United Oil Co. v. Urban RedevelopmentCommission, supra, 375.
Based on the foregoing, MATCO's motion for summary judgment is denied as genuine issues of material fact exist concerning when the plaintiffs discovered or reasonably should have discovered the facts underlying their cause of action based on products liability.
II. OBJECTION TO MATCO'S REQUEST TO AMEND ITS SPECIAL DEFENSES CT Page 1118
MATCO has requested this court to grant it leave to amend its special defenses to add a statute of limitations defense based on General Statutes, Sec. 52-577c, relating to noxious substances exposure. The Appellate Court addressed the application of section 52-577c to the facts of this case in Sharp v. Wyatt,Inc., supra, 31 Conn. App. 855, and held that a genuine issue of material fact exists as to whether this section is applicable to bar the plaintiffs' claims. The Supreme Court affirmed the Appellate Court's determination on July 5, 1994. Sharp v. Wyatt,Inc., supra, 230 Conn. 16. On August 16, 1994, the court, Moraghan, J., granted defendants Exxon Company, U.S.A.; Moore McCormack Petroleum, Inc.; and B.P. North America, Trading, Inc., leave to amend their special defenses to allege section 52-577c. On August 31, 1994, this court allowed defendant, Phibro Distributors Corp., to amend its special defenses to add section52-577c.
On July 28, 1994, MATCO filed its request for leave to amend to add a special defense based on section 52-577c. The plaintiffs object to this court's granting MATCO leave to amend its special defenses.
"`The trial court has wide discretion in granting or denying amendments,' and its determination will not be reversed absent an abuse of discretion. [Citation omitted.] Our jurisdiction generally follows a liberal policy in allowing amendments . . . . Id. Factors to be considered in determining whether leave to amend should be granted are the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment." Web Press Services Corp. v. New LondonMotors, Inc., 203 Conn. 342, 360, 525 A.2d 57 (1987).
MATCO's delay in moving to add the special defense is not substantial since the applicability of the defense was only determined by the Supreme Court in July of last year. The unfairness to the plaintiffs is minimal since all of the other defendants have asserted the section 52-577c defense in this case. Further, there is no negligence attributable to MATCO since it filed its request for leave to amend its special defenses contemporaneously with all of the other defendants in this matter.
It is also important to note that the assertion of the section 52-577c defense should not prolong the proceedings in CT Page 1119 this matter as far as summary judgment motion practice is concerned. The Appellate Court has specifically held that a genuine issue of material fact exists as to the applicability of the statute to bar the plaintiffs' suit. Sharp v. Wyatt, Inc., supra, 31 Conn. App. 855. Thus, the issue must be decided by the jury.
Therefore, the court overrules the plaintiffs' objection to MATCO's request for leave to amend its special defenses.
Stodolink, J.