[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 22, 1994, the plaintiff, James Gaffney, filled a two count revised/amended complaint alleging product liability claims against the defendants Hocon Gas, Inc. ("Hocon Gas") and Amerigas, Inc. Count one of the complaint alleges a product liability claim against Hocon and count two of the amended complaint alleges a product liability claim against Amerigas, Inc. Since Hocon Gas raised the present motion for summary judgment that is before the court, the facts of the case are taken from count one of the amended complaint.
Count one of the amended complaint alleges that Hocon Gas sold and delivered propane gas to the plaintiff's residence from November 24, 1986, to April, 1988, for use in fueling the plaintiff's hot water heater. The plaintiff states that Hocon Gas delivered this gas to a storage tank located outside of the plaintiff's home. At some time during this period, the plaintiff noticed that he was not receiving an adequate flow of fuel from the propane tank to the hot water healer, located in the basement, to properly heat his water. The plaintiff asked one of Hocon Gas' employees, who was delivering gas to the plaintiff's residence at the time, how he should remedy this problem. After consulting this employee, the plaintiff installed plastic piping to connect the storage tank to the hot water heater in order to increase the flow of gas. The plaintiff alleges that he installed the plastic pipe with the knowledge, consent and approval of Hocon Gas acting through its employees. Additionally, the plaintiff alleges that Hocon Gas was aware or should have been aware that the plaintiff installed the plastic pipe connecting the storage tank with the hot water heater.
Sometime between its installation and December 7, 1990, a leak developed in either the plastic pipe or one of its fittings, causing propane gas to leak out and accumulate in the basement of the plaintiff's residence. On December 7, while the plaintiff was attempting to relight the pilot light on the hot water heater in the basement, the accumulated gas exploded and caught fire, causing serious and permanent injuries to the plaintiff. The plaintiff alleges that Hocon Gas sold both the gas storage tank and liquid propane gas to him, and that such products were sold in a defective condition and presented an unreasonable danger within the meaning of General Statutes § 52-572m et seq.[1]
CT Page 14375
On May 18, 1994, the defendant filed its answer and special defenses to the plaintiff's amended complaint. The plaintiff filed an answer to Hocon Gas' special defenses on October 12, 1994. On March 8, 1995, Hocon filed the present motion for summary judgment. Pursuant to Practice Book § 380, Hocon submitted an appropriate supporting memorandum of law with its motion, as well as numerous supporting documents.[2] On April 24, 1995, the plaintiff filed its memorandum in opposition to the Hocon's motion, also with additional supporting documentation.[3] On April 26, 1995, Hocon filed a memorandum of law in reply to the plaintiff's opposition to its motion for summary judgment.
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material for and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Insurance Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id. "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Internal quotation marks omitted.) Id. "It is not enough, however, for the opposing party merely to assert the existence of . . .a disputed issue." (Internal quotation marks omitted.) Id. In passing on a motion for summary judgment "the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelli v. Powers, 197 Conn. 9, 15,495 A.2d 1023 (1985). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "A material fact has been defined adequately and simply as a fact which will make a difference in the result or the case." (Internal quotation marks omitted.) State v. Groggin, 208 Conn. 606, 619,546 A.2d 250 (1988).
Hocon Gas argues in its motion for summary judgment that it did not sell any gas or provide any services to the plaintiff for 3 years prior to the accident. According to Hocon Gas, its product did not cause the explosion and therefore, the plaintiff does not have a valid product liability claim against it. The CT Page 14376 plaintiff argues that a genuine issue of material fact exists as to whether Hocon Gas' product was defective because the defendant failed to adequately warn the plaintiff not to use a plastic pipe in connecting the gas tank to the plaintiff's water heater. The plaintiff further argues that a genuine issue of material fact exists as to whether Hocon Gas' product caused the gas leak resulting, in the explosion.
"Under Connecticut's product liability statute, General Statutes § 52-572m et seq., the plaintiff must plead and prove that the defendants'. . .products were defective and that the defect proximately caused the [plaintiff's injuries]." Sharpv. Wyatt, Inc., 31 Conn. App. 824, 833, 627 A.2d 1347 (1993), aff'd, 230 Conn. 12, 644 A.2d 871 (1994). General Statutes §52-572q(a) provides in pertinent part: "LIABILITY OF PRODUCT SELLER DUE TO LACK OF ADEQUATE WARNINGS OR INSTRUCTIONS. A product seller may be subject to liability for harm caused to a claimant who proves by a fair preponderance of the evidence that the product was defective in that adequate warnings or instructions were not provided." General Statutes § 52-572q(b) states in relevant part: "In determining whether instructions or warnings were required and, if required, whether they were adequate, the trier of fact may consider: (1) The likelihood that the product would cause the harm suffered by the claimant; (2) the ability of the product seller to anticipate at the time of manufacture that the expected product user would be aware of the product risk, and the nature of the potential harm; and (3) the technological feasibility and cost of warnings and instructions." General Statutes § 52- 572q(c) provides in pertinent part: "[T]he claimant shall prove by a fair preponderance of the evidence that if adequate warnings or instructions had been provided, the claimant would not have suffered the harm."
"Whether a product is defective under § 52-572q is a question of fact." Sharp v. Wyatt, Inc., supra, 31 Conn. App. 834. "Questions regarding the existence of a causal link classically are reserved for determination by the trier of fact." Id., 835. "Proximate cause becomes a question of law only when the mind of a fair and reasonable person could reach only one conclusion. . . . The question should be submitted to the trier of fact if there is room for a reasonable disagreement." (Internal quotation marks omitted.) Id.
The plaintiff alleges that the defendant's product was defective because the defendant did not adequately warn the CT Page 14377 plaintiff about the dangers of using a plastic pipe to transfer the gas from the outside tank to the plaintiff's water heater. The plaintiff in his affidavit explains "[a]fter November, 1986, I felt I was not getting enough hot water for domestic use and proposed increasing the flow by use of a 1/2 inch plastic pipe. . . . Before installing or purchasing the pipe I showed a sample to an employee of Hocon Gas, Inc. who was delivering gas to the storage tank. . . . I do not remember his name but when I asked him if it was all right to use, he told me yes. . . . He never gave me any warning that to use such plastic piping would be dangerous. . . . If he had told me so, I would not have used or installed it. . . . After installing the pipe it was visible to anyone at or near the tank leading to the basement." (James Gaffney's Affidavit, April 20, 1995, para. 5-10). The plaintiff's affidavit establishes that a genuine issue of material fact exists as to whether Hocon Gas' failure to explain the dangers surrounding the use of such pipe at the time when Hocon Gas was delivering gas to the plaintiff made Hocon Gas' product defective. Furthermore, the plaintiff's affidavit establishes that a genuine issue of material fact exists as to whether such failure to warn caused the explosion in the plaintiff's house resulting in the plaintiff's injuries. Because a genuine issue of material fact exists in this case, the court denies Hocon Gas' motion for summary judgment.
Howard F. Zoarski, Judge