[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#147)
The plaintiffs, Irving S. Goldblum, Murray A. Goldblum, and Alex L. Goldblum, instituted this action against The Pittson Co., Ultramar Petroleum, Inc., and Aminoil Development, Inc. on August 10, 1992. The plaintiffs filed a third amended complaint dated November 15, 1993 alleging reimbursement costs pursuant to General Statutes § 22a-452 for petroleum hydrocarbon contamination along an underground pipeline, which the plaintiffs allege was the result of the defendants' or their corporate predecessors' negligent use of the pipeline. The defendants filed a motion for summary judgment on October 31, 1995, on the ground that plaintiffs' claim is barred by the statute of limitations. The plaintiffs filed an opposition to the motion for summary judgment on December 12, 1995, and the defendants filed a reply memorandum.
Practice Book § 384 provides that summary judgment shall be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Barrett v. Danbury Hospital, 232 Conn. 242,250, 654 A.2d 748 (1995). Summary judgment may be granted where an action was not commenced within the period of the statute of CT Page 3680 limitations. Burns v. Hartford Hospital, 192 Conn. 451, 454,472 A.2d 1257 (1984).
The defendants state that there is no dispute that as of 1979, defendants had no ownership interest in and were in no way involved with the property in question. The complaint was served in August, 1992. The defendants argue that the case is barred by General Statutes § 52-577 which provides, "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
On the other hand, plaintiffs claim that this case is governed by General Statutes § 52-577c which states that an action to recover damages for personal injury or property damages caused by a hazardous chemical must be brought within two years from the date of the discovery of this damage.[1] Plaintiffs claim that since they discovered the damage in 1991, the suit was timely filed under § 52-577c.
In rebuttal, defendants indicate that plaintiffs have brought suit under § 22a-452, and this provision entitles plaintiff to receive "reimbursement" from any person for the costs expended to mitigate the effects of hazardous waste contamination caused by this person's negligence. Defendants insist that an action seeking "reimbursement" costs under § 22a-452 is not an action seeking "damages for personal injury or property damage" under the § 52-577c statute of limitations. According to defendants, the three year limitation period of § 52-277 must apply to § 22a-452 reimbursement actions. Thus, the first issue presented is whether the limitation period of § 52-577
or § 52-577c controls the time period within which an action must be filed seeking to recover reimbursement and costs expended to clean up hazardous waste contamination.
As previously stated, General Statutes § 22a-452 (a) creates a civil action for reimbursement for reasonable costs spent for the containment, removal or mitigation of contamination caused by oil, petroleum, or chemical liquids or other hazardous wastes. A party is entitled to reimbursement from any person, firm or corporation if the pollution "resulted from the negligence or other actions of such person, firm or corporation." The statute does not contain a time limit for instituting an action, and "the legislative history on both sections 22a-452 and52-577c does not resolve exactly which statute of limitations to apply." Electroformers, Inc. v. Emhart Corporation, Superior CT Page 3681 Court, Judicial District of Danbury, Docket No. 297891 (January 29, 1993, Fuller, J., 8 Conn. L. Rptr 307). "[S]ince [General Statutes § 22a-452] does not have a limitation period for indemnification actions, Section 52-577 applies, unless the facts fit within the two-year statute of limitations for damages caused by exposure to a hazardous substance set forth in Section 52-577c."Id. See also Sharp v. Wyatt, 31 Conn. App. 824, 854-55,627 A.2d 1347, aff'd, 230 Conn. 12, 644 A.2d 871 (1994) (holding that in order to determine if § 52-577 or § 52-577c
applies to the plaintiff's case, the trier of fact must determine if the facts of the case come within the definition of the word exposure as used in § 52-577c).
The defendant in Electroformers, like the defendant in the present action, argued that an indemnification action is not an action to recover for property damage. The court held that while there was a split of authority, "a majority view is that cost recovery actions are claims for damages." Electroformers, Inc. v.Emhart Corporation, supra, citing Avondale Industries, Inc. v.Travelers Indemnity Co., 887 F.2d 1200, 1207 (2d Cir. 1989), cert. denied, 496 U.S. 906 (1990) (under insurance policy, cleanup costs are damages); Hays v. Mobil Oil Corporation, 930 F.2d 96
(1st Cir. 1991) (environmental cleanup costs, incurred in response to demands of government agencies, are `damages' when there has been a discharge of pollutants that has caused property damage . . . contamination of soil and groundwater by the release of hazardous material involves property damage (internal citations omitted));Newcastle County v. Hartford Accident Indemnity Co.,673 F. Sup. 1359, 1365 (D.Del. 1987). But see Mraz v. CanadianUniversal Ins. Co., 804 F.2d 1325 (4th Cir. 1986); United StatesFidelity Guaranty v. Morrison Grain Co., 734 F. Sup. 437, 450
(D.Kan. 1990), aff'd, 999 F.2d 489 (10th Cir. 1993).
The defendants rely on Bell Power Systems, Inc. v. J. H.Hogan, Inc., Superior Court, Judicial District of Middlesex at Middletown, Docket No. 68637 (August 2, 2995, Higgin, J.) to support their argument that § 52-577c does not apply to §22a-452 "reimbursement" claims. A careful review of Bell Power
indicates that defendants' reliance on this case is misplaced. After a trial, the court in Bell Power found that § 22a-452
has inapplicable because the plaintiff failed to show either that any possible contamination was caused by the defendant's negligence, or that a "release of a pollutant into the environment caused to the plaintiff any property damage by reason of exposure to said pollutant." Id. at 4-5. In the instant case, CT Page 3682 there has been no trial, and on a motion for summary judgment, this court cannot make any such factual findings concerning the applicability of § 22a-452 to the defendants' alleged conduct.
The defendants also urge the court to adopt the position taken in Doty v. Mucci, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 930305 (February 9, 1995, Cocco, J.), that even if § 52-577c applies, the action would still have to be brought within the three year limitation of § 52-577. However, the reasoning of Doty cannot be squared with the express language of § 52-577c which states that its provisions apply "[n]ot withstanding Sections 52-577 and 52-577a." See Murawski v. Warren, Superior Court, Judicial District of Windham, Docket No. 40176 (March 1, 1991, Potter, J.).
As explained in Murawski, the legislative history of §52-577c indicates that the purpose of this statute "was to extend the statute limitations for suits to recover damages caused by toxic waste pollution." Id. at 5, quoting 27 S. Proc., Pt. 4, 1984 Sess., p. 1353. Thus, this court rejects defendants' positions and adopts the conclusion reached in Murawski that "in a case involving exposure to hazardous chemical substances, whether based on negligence or some other theory, the applicable statute of limitations is that of Connecticut General Statute Section 52-577c(b)." Id. at 7.
The issue becomes, therefore, whether the facts of the case fit within General Statutes § 52-577c(b). The defendant argues that petroleum hydrocarbons are not chemical substances within the meaning of § 52-577c. The statute provides that a hazardous chemical substance is a "chemical substance or mixture for which there is a federal standard . . . generally intended to prevent, reduce or mitigate the risk of a disease or class or type of diseases to an individual or individuals resulting from exposure to such chemical substance or mixture." General Statutes § 52-577c(a)(3). Plaintiffs cite the Federal Water Pollution Control Act, 33 U.S.C. § 1321 (b)(1), and the regulations promulgated pursuant to the section, 40 C.F.R. § 110.6, 112.1.4; and the Oil Pollution Act of 1990, 33 U.S.C. § 2702
(a). The pollution Control Act indicates that its provisions cover "oil of any kind or in any form including but not limited to petroleum . . ." 33 U.S.C. § 1321 (a)(1). Because plaintiffs' complaint alleges that "petroleum hydrocarbons" contaminated the property, it clearly appears that the CT Page 3683 allegations are within General Statutes § 52-577c(b). To the extent that defendants nevertheless maintain that the petroleum contaminate at issue here is not in fact subject to a federal standard because of any specific characteristic of the contaminate and the scope of the federal regulation, a genuine issue of material fact exists which cannot be resolved by a summary judgment motion.
The defendants last argue that the plaintiffs knew, or in reasonable exercise of care should have known of the contamination more than two years before commencing the suit. The plaintiffs submitted an affidavit of Murray A. Goldblum which states that he first learned of contamination on the property in 1991, and had no reason to believe there was contamination prior to 1991. (Affidavit of Murray A. Goldblum, ¶ 4, 8). This question also raises a genuine issue of material fact about whether the suit was filed within the § 52-577c statute of limitations.
Therefore, for all of the foregoing reasons the defendants' motion for summary judgment is hereby denied.
Dated this 18th day of April, 1996.
STEVENS, JUDGE