[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 105)
The motion to strike now before the Court involves a question of duty. Does a person who purchases heroin for another person have a duty to seek assistance when that other person subsequently suffers a drug overdose in her presence? For the reasons briefly discussed below, the answer is Yes.
The plaintiff, Veneranda Heffern, is the administratrix of the estate of Philip Heffern. She alleges in her complaint that the defendant, Leah Perry, "accompanied the decedent on the trip to purchase heroin, purchased heroin for the decedent, stayed overnight with the decedent and knew of his compromised physical condition on the morning of January 1, CT Page 12502 1997." The plaintiff further alleges that Perry "failed to notify anyone of the decedent's compromised physical condition for an extended period of time after she gained knowledge of decedent's condition." Her complaint consists of two counts. The first count alleges that "[t]he decedent's death was proximately caused by the negligent omission of the defendant, Leah Perry, in that she failed to rescue by alerting someone of the decedent's compromised physical condition." The second count alleges that "[t]he defendant acted carelessly and negligently and in contrast to a reasonable individual by supplying heroin to the decedent" and "[a]s a proximate result of defendant supplying heroin to the decedent, the decedent overdosed on the heroin, suffered cardiac arrest and died."
The plaintiff commenced her action against Perry by service of process on December 9, 1998. On July 25, 2000, Perry filed the motion to strike now before the Court. The motion seeks to strike both counts of the complaint. The motion was heard on October 10, 2000.
Perry's principal attack is on the first count of the complaint. She claims, in her brief, that she "had no duty to notify anyone of the physical condition of the decedent." While this might be true if she were a mere bystander, she cannot be so described given the allegation in the complaint that she purchased the heroin in question for the decedent.
It is true that "the law has persistently refused to impose on a stranger the moral obligation of common humanity to go to the aid of another human being who is in danger." PROSSER AND KEETON ON THE LAW OF TORTS 375 (5th ed. 1984). As every law student learns, an excellent swimmer can stand on a dock with impunity while a drowning man cries out for rescue a few feet away. The law also recognizes, however, that "if the defendant's own negligence has been responsible for the plaintiff's situation, a relation has arisen which imposes a duty to make a reasonable effort to give assistance, and avoid any further harm." Id. at 377. Thus, to return to the case of the drowning man, if the person standing on the dock has negligently created the situation in question — say, by suggesting that the man swim in a location known for its dangerous riptides — our friend on the dock can no longer be considered a stranger to the situation. Instead, he now has a duty to make a reasonable effort to give assistance.
If the allegations in the complaint are correct, Perry has gone well beyond negligence in creating the dangerous situation here. Purchasing heroin for another person is a crime. A "sale" of narcotics in Connecticut "is any form of delivery which includes barter, exchange or gift, or offer therefor." Conn. Gen. Stat. § 21a-240(50). It is certainly fair to term the purchase of heroin for another as a morally CT Page 12503 blameworthy act, as well as a violation of positive law. A very well known reason for this status is that the use of heroin is exceedingly dangerous. If Perry purchased heroin for the decedent here, she abandoned any claim to stranger status. She instead acquired a duty to rescue.
Perry's attack on the second count is even less persuasive. She claims that her act of purchasing heroin for the decedent cannot be considered the proximate cause of his death because his subsequent voluntary consumption of the heroin. The short answer to this contention, at least at this stage, is that "[q]uestions regarding the existence of a causal link classically are reserved for determination by the trier of fact."Sharp v. Wyatt, Inc., 31 Conn. App. 824, 835, 627 A.2d 1347 (1993),aff'd, 230 Conn. 12, 644 A.2d 871 (1994). Perry cannot succeed in her claim that the chain of causation has been broken in this situation as a matter of law. See Edwards v. Tardif 240 Conn. 610, 617, 692 A.2d 1266
(1997); RESTATEMENT (SECOND) OF TORTS § 442B (1965).
The motion is denied as to both counts.
 Jon C. Blue Judge of the Superior Court