[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 PROCEDURAL HISTORY
The plaintiff ("Hurst") commenced this action against Kingsland Company (Kingsland) in November 1996. Hurst alleges that, while working as a sub-contractor of Kingsland, he sustained injuries while using a power saw owned by and furnished to him by Kingsland. The action against Kingsland is grounded in negligence.
In January of 1997, Kingsland, by apportionment complaint, asserted a claim for apportionment of damages against Garrett Wade Company ("Wade"), Harland B. Foster, Inc. ("Foster") and Injecta AG ("Injecta") (collectively "the apportionment defendants"), who are alleged to be producers, manufacturers and/or distributors of the power saw.[1]
In May and June of 1997, Hurst filed amended complaints stating direct claims against Wade, Foster Injecta. All parties appeared before the court on November 30, 2000 to argue the following motions:
 #219 Foster's motion of 8/17/00 to dismiss Kingsland's apportionment complaint.
 #227 Wade's motion of 8/22/00 to dismiss Hurst's amended complaint.
 #232 Injecta's motion of 8/24/00 for summary judgment as to the apportionment complaint and the amended complaint.
The parties have agreed that the decision herein with respect to the above referenced motions will be dispositive of the other pending motions to dismiss the apportionment complaint, motions to dismiss the plaintiffs CT Page 804 amended complaint and the motions for summary judgment by the apportionment defendants against Kingsland and Hurst.
SUMMARY JUDGMENT — STANDARD
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." Id.
In determination whether there exists a genuine issue of material fact, "the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co., 245 Conn. 374,381 (1998). "A `genuine' issue has been variously described as a `triable', `substantial' or `real' issue . . . and . . . defined as one which can be maintained by substantial evidence." (Citations omitted.)United Oil Co. v. Urban Development Commission, 158 Conn. 364, 378
(1969).
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Id., 379.
The movant has the burden of demonstrating the absence of any genuine issue of material fact. Hertz v. Federal Ins. Co., supra, 245 Conn. 381.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554 (1998).
In deciding a motion for summary judgment, . . . the evidence [must be viewed] in the light most favorable to the nonmoving party. Dowling v.Finley Associates, Inc., 248 Conn. 364, 369 (1999). "It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard." Evans Products Co. v. Clinton Building Supply,Inc., 174 Conn. 512, 516 (1978). "[Practice Book § 17-46J sets forth three requirements necessary to permit consideration of material contained in affidavits submitted in a summary judgment proceeding. The CT Page 805 material must: (1) be based on `personal knowledge'; (2) constitute facts that would be admissible at trial; and (3) affirmatively show that the affiant is competent to testify to the matters stated in the affidavit."Barrett v. Danbury Hospital, 232 Conn. 242, 251 (1995).
MOTION TO DISMISS — STANDARD
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that he plaintiff cannot as a matter of law
and fact state a cause of action that should be heard by the court". (Emphasis added; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Brackets in original.)Konover v. Town of West Hartford, 242 Conn. 727, 740 (1997). "[O]nce the question of lack of jurisdiction of the court is raised, [it] must be disposed of no matter in what form it is presented.
. . . and the court must fully resolve it before proceeding further with the case." (Brackets in original.) Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552 (1997). "[I]n deciding a motion to dismiss, [the trial court] must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson, 214 Conn. 256, 264 (1990).
THE MOTION TO DISMISS THE APPORTIONMENT COMPLAINT OF KINGSLAND
The apportionment complaint is brought pursuant to General Statutes § 52-102b (a) which provides in part: "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability. . . ." Indeed, § 52-102b is "the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiffs damages as a party to the action." General Statutes § 52-102b (f). The apportionment complaint "within the meaning of 52-102b means a civil action based on negligence." Allard v. Liberty Oil Equipment Co., Inc.,253 Conn. 787, 795 (2000).
The question raised by the motion to dismiss is whether the apportionment complaint is a cause of action which as a matter of law and fact states a cause of action that should be heard by the court. The answer, based on the provisions of the product liability statute (General Statutes § 52-572m, et seq.), § 52-572h (o) and the holdings in CT Page 806Allard, supra, is no.
The allegations in the apportionment complaint are that Foster "was the producer, manufacturer or distributor" of the table saw (Apportionment Complaint, Third Count, Para. 5) and further, that there were inadequate warnings and instructions on the product (Third Count Paragraph 6). These allegations are classic allegations of product liability.
Under § 52-572m (b), a "`[p]roduct liability claim' includes all claims or actions brought for personal injury . . . caused by the . . .warnings, instructions, marketing, packaging or labeling of any product. `Product liability claim' shall include, but is not limited to, all actions based on . . . Strict liability in tort; negligence; breach of warranty, expressed or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent. . . ." General Statutes § 52-572m (b). The court finds that the allegations of the apportionment complaint constitute a claim under § 52-572m (b).
"A product liability claim . . . shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty. . . ." § 52-572n (a). In addition, the provisions of § 52-572h as amended by Public Act 99-69 which added subsection (o) also lead to the conclusion that the motion to dismiss should be granted. It should be noted that P.A. 99-69 was to take effect from its passage and was to be applicable to any civil action pending or filed after August 11, 1998. The present case was pending on August II, 1998.
Public Act 99-69, § 1(o) makes it clear that the apportionment principles of § 52-572h do not apply where the purported apportionment complaint rests "on any basis other than negligence and that these other bases include, without limitation . . . strict liability or liability pursuant to any cause of action created by statute. . . ." (Internal quotation marks omitted.) Allard v. Liberty Oil Equipment Co., Inc., supra, 253 Conn. 801.
Kingsland raises two other objections to the motion to dismiss. First, that the motion to dismiss was not timely filed within the 30 day period provided for under Practice Book § 10-30. The law is well settled that the question of subject matter jurisdiction may be raised at any time and cannot be waived by the parties. Practice Book § 10-33; Daley v.Hartford, 215 Conn. 14, 27-28, cert. denied 498 U.S. 982, 111 S.Ct. 573,112 L.Ed.2d 525 (1990). Second that the court had previously ruled that the apportionment complaint was sufficient and that that decision should hold as the law of this case. "[The] [l]aw of the case should . . . apply unless there are unusual circumstances, or a compelling reason . . . that CT Page 807 would render the doctrine inapplicable. These include (1) substantial new evidence . . ., [and] a decision of the Supreme Court after the first review that is inconsistent with the decision on that review. . . .Pagano v. Board of Education, 4 Conn. App. 1, 11, cert. denied,197 Conn. 809 (1985). In addition to the subsequent Supreme Court decision in Allard, the legislature has addressed the issue presented here in P.A. 99-69. This court cannot ignore the ruling of the Supreme Court or action of the legislature. Accordingly, the motion to dismiss is granted.
THE MOTION TO DISMISS HURST'S AMENDED COMPLAINT
The issue to be determined by the court here is whether the Hurst's amended complaint should be dismissed as "a claim that is derivative of an improperly filed apportionment complaint." (Wade's Mem. dated 8/22/00 at 4.)
Wade relies on two cases to support its argument; Andretta v. Rudig, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 065340 (March 22, 2000, Nadeau, J.) and Nemecek v. Town of Ashford, Superior Court, judicial district of Tolland, Docket No. 070811 (June 2, 2000, Bishop, J.) (27 Conn.L.Rptr. 312). In Andretta, the court granted the apportionment defendants motion to strike based on the Allard
decision and then went on to dismiss the plaintiffs cross complaint whichincorporated the apportionment complaint. (Emphasis added.) Andretta v.Rudig, supra, Docket No. 065340. In Nemecek, the court dismissed the cross claim because the apportionment defendants "were never Properlyparties before the court" "[s]ince the apportionment complaint was notproperly served in accordance with the statutory requirements of §52-102b [(a) within 120 days of the return day]. (Emphasis added.)Nemecek v. Town of Ashford, supra, 27 Conn.L.Rptr. 312.
Derivative, the amended complaint is not. Derivative is defined as coming from another, not having its own origin but owing its existence to something and lacking originality. (Black's Law Dictionary, (4th Ed. Rev. 1968). Hurst's claim against Wade is an original claim under the products liability act, General Statutes 52-572m, et seq., which Hurst may bring irrespective of any apportionment complaint. See General Statutes § 52-572n.
The amended complaint also does not incorporate the apportionment complaint. The only reference to the apportionment complaint in count two of the amended complaint is with respect to "information and belief. [as to the manufacturer of] the table saw which the plaintiff was using. (Amended Complaint, dated 06/09/97, Count Two at Para. 7.) The amended complaint goes on (Para. 9) to set out classic allegations of product CT Page 808 liability in that Hurst's injuries were caused by the defective condition or negligent manufacture, production, inspection, assembly or distribution of the table saw.
A proper party, Wade was. Wade does not argue that the amended complaint was served within the 60 day requirement of General Statutes § 52-102b (d). Wade did not object to the amended complaint as they could have under Practice Book § 10-60. Wade does not contest that service of the amended complaint was defective under Practice Book §10-13. In point of fact, Wade filed an answer to Hurst's amended complaint of June 9, 1957, on January 7, 1998, together with special defenses. Wade has also filed cross complaints in this matter.
Therefore the court denies the motion to strike Hurst's amended complaint.
THE MOTION FOR SUMMARY JUDGMENT
Injecta's motion for summary judgment sets forth five grounds. Because the court has granted Foster's motion to dismiss the apportionment complaint, there is no need to address the first two grounds set forth. As to the contention (#3), that Injecta did not manufacture, produce, inspect, assemble or distribute the subject table saw, the court will not address that question because of Injecta's representation at argument on November 30, 2000, that that question need not to be considered by the court. Injecta's fifth ground need not be addressed in light of the court's decision to deny Wade's motion to dismiss. The remaining ground for Injecta's motino [motion] is that "there exists no proximate cause between the product warnings instruction Hurst's injuries."
Injecta relies on the case of Haesche v. Kissner, 229 Conn. 213
(1994). In Haesche, the court upheld the defendant's motion for summary judgment on the grounds that a fair and reasonable person could only conclude that an alleged failure to warn of the dangers of the use of a BB gun did not cause the injuries alleged by the plaintiff. Haesche, supra, 221-22. Injecta further argues that the proximate cause of Hurst's injuries was the removal of the safety devices (the riving knife and blade guard) by Kingsland.
Under General Statute § 2-S72q, a product seller may be liable due to the lack of adequate warnings or instructions. "A product may be defective because a manufacturer or seller failed to warn of the product's unreasonably dangerous propensities." Tomer v. American HomeProducts Corporation, 170 Conn. 681, 689 (1976). In the present case, Hurst alleges in his amended complaint that the table saw produced, manufactured or distributor by Injecta was defective in that it was not CT Page 809 equipped with adequate instructions or warnings. Whether a product is defective under 52-572q is a question of fact. Subsection (b) of § § 52-572q clearly states that: "[i]n determining whether instructions or warnings were required and, if required, whether they were adequate, thetrier of fact may consider. . . ." (Emphasis added.)
The critical issue of defectiveness focuses on whether warnings were necessary and if so, whether they were adequate. The threshold issue of fact for the jury is whether the product.was defective Sharp v. Wyatt,Inc., 31 Conn. App. 824, 834 (1993), aff'd, 230 Conn. 12 (1994).
General Statutes § 52-572q (c) governs the issue of causation. Questions regarding the existence of causation are classically reserved for determination by the trier of fact. Hughes v. National Car RentalSystems, Inc., 22 Conn. App. 586, 590, cert. denied, 216 Conn. 817
(1990). In reviewing the evidence presented the court believes that there is room for reasonable disagreement on the issue of causation unlike the fact pattern in Haesche.
Finally, Injecta argues that the conduct of Kingsland in remaining the riving knife and blade guard was a superseding cause that resulted in the injuries to Hurst. For superseding cause to operate under § 52-572q
(c), the conduct of Kingsland would have to be such that, despite the issuance of adequate warnings, the warnings were disregarded. See Sharpv. Wyatt, supra, 31 Conn. App. 840. The court does not conclude as a matter of law that had Kingsland provided instructions and made Hurst aware of warnings, Hurst would have heeded them. The court does find that a genuine issue of material fact exists as to whether the acts or omissions of Kingsland constituted a superseding cause.
Based on the foregoing, the motion for summary judgment is denied.
Cremins, J.