STATE of Maine

v.

Vernon HAINES.

Supreme Judicial Court of Maine.

Argued Nov. 2, 1992.

Decided Feb. 5, 1993.

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein (orally), Asst. Dist. Atty., Dover–Foxcroft, for the State.

Candy Gonzales, Houlton, Philip C. Worden (orally), Northeast Harbor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Vernon Haines appeals from a Superior Court (Piscataquis County, *Kravchuk, J.*) judgment affirming his conviction in the District Court (Dover–Foxcroft, *Gunther, J.*) for theft of services. 17–A M.R.S.A. § 357 (1983).[1] Haines had deliberately driven his vehicle onto land controlled by North Maine Woods, Inc., after refusing to pay a fee at an entrance gate. He contends that the District Court erred when it determined that his failure to file a motion to dismiss pursuant to M.R.Crim.P. 12(b) constituted a waiver of any issue relating to the legality of the fee. He further contends that the State failed to prove a necessary element of the crime, and that he established an affirmative defense pursuant to 17–A M.R.S.A. § 361 (1983) entitling him to an acquittal. Finally, Haines argues that the doubt expressed by the District Court concerning the legality of the fee compels an acquittal. Finding no error, we affirm the judgment.

Haines is a member of the Fin and Feather Club of Millinocket. Its members have long believed that the fees charged to gain access to land in parts of northern

---

**1.** 17–A M.R.S.A. § 357 (1983) provides in pertinent part:

A person is guilty of theft if he obtains services which he knows are available only for compensation by deception, threat, force or any other means designed to avoid the due payment therefor.

Maine are illegal, and the Club had announced its intention to challenge those fees. The recreational use of the land Haines entered is controlled by North Maine Woods, Inc.[2] The duties of North Maine include registering visitors to the area and collecting day use and camping fees. Haines deliberately drove through a checkpoint facility serving as a gate to the land controlled by North Maine without paying the required fee, and refused to leave the area when requested to do so by a deputy sheriff. Haines was subsequently charged with criminal trespass, 17–A M.R.S.A. § 402 (Supp.1992),[3] and theft of services.

Finding that Haines had a sincere belief in his own right to be on the property controlled by North Maine, the District Court acquitted him of criminal trespass, concluding that the State failed to prove that Haines had the requisite state of mind. The court found, however, that the State met its burden of proving all the elements of theft of services.[4] The District Court did not decide the issue of the legality of

the entrance fee because Haines did not raise the issue by way of a motion pursuant to M.R.Crim.P. 12(b), and the court considered this to be a waiver. Haines appealed to the Superior Court.

The Superior Court agreed with Haines that there had been no waiver under M.R.Crim.P. 12(b), but affirmed the conviction on the basis that the State had proved the elements of theft of services and Haines had not established an affirmative defense. This appeal followed. Because the Superior Court acted as an intermediate appellate court, we review directly the District Court proceedings. *State v. Arnheiter*, 598 A.2d 1183, 1184 (Me.1991).

## I.

In the District Court, Haines attempted to challenge the legality of the fee for using the road. We agree with Haines that the District Court erred in concluding that he had waived[5] that challenge because he failed to file a motion to dismiss pursuant to M.R.Crim.P. 12(b).[6] We agree with

2. North Maine Woods, Inc. is a nonprofit organization whose members own the land that the organization controls. The recreational use of nearly three million acres is under the organization's control. The area includes the St. John River and Allagash Wilderness Waterway.

3. 17–A M.R.S.A. § 402 (Supp.1992) provides in pertinent part:
   (1) A person is guilty of criminal trespass if, knowing that that person is not licensed or privileged to do so, that person:
   ....
   (E) Enters any place in defiance of a lawful order not to enter that was personally communicated to that person by the owner or another authorized person[.]

4. At sentencing, the District Court gave Haines an unconditional discharge. *See* 17–A M.R.S.A. §§ 1152(2)(A), 1201 (Supp.1992).

5. The failure to raise or preserve an issue does not constitute an affirmative waiver, which is an intentional relinquishment of a known right. *See New England Whitewater Ctr., Inc. v. Department of Inland Fisheries & Wildlife*, 550 A.2d 56, 59 n. 5 (Me.1988).

6. M.R.Crim.P. 12(b) provides in part:
   *(1) Defenses and Objections Which May Be Raised.* Any defense or objection which is capable of determination without the trial of

the general issue may be raised before trial by motion.
   *(2) Defenses and Objections Which Must Be Raised.* Defenses and objections based on defects in the institution of the prosecution or in the indictment, information, or complaint, other than that it fails to show jurisdiction in the court or to charge an offense, may be raised only by motion before trial. The motion shall include all such defenses and objections available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof.

The commentary on Rule 12 in 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 12.2 at IV–59 (rev. ed. 1992) states:
   Rule 12(b) classifies defenses and objections into those that may be raised before trial and those that must be raised at that time or are deemed waived.... Defects in the institution of the prosecution or in the charging document that are not jurisdictional in nature must be raised before trial and include improper venue, lack of jurisdiction over the person of the defendant, challenges to the array of the grand jury or traverse jury, duplicity in a charging document, discriminatory prosecution, misjoinder of a defendant, and defects in the form, and sufficiency of a pleading.
(Citations omitted.) Haines has never claimed that there was a defect in the institution of the

the Superior Court, however, that even though Haines's failure to file a motion pursuant to Rule 12(b) was an improper reason to refuse to consider the legality of the fee to use the road, Haines's appeal cannot succeed.

■ The legality of the fee charged by North Maine is not a matter that can be resolved in the context of this criminal prosecution. That issue is better decided in a civil proceeding in which the organization charging the fee is made a party. *See Efstathiou v. Payeur*, 456 A.2d 891, 893 (Me.1983) (joinder of all parties who have interest in declaratory judgment action necessary under M.R.Civ.P. 19, so that dispute may be effectively and completely adjudicated). Haines's calculated attempt to use the criminal justice system to challenge the legality of a civil fee presents a different situation from that in which a defendant challenges the legality of the statute under which he is prosecuted. *See State v. Higgins*, 338 A.2d 159, 165 (Me.1975) (defendant, who failed to seek a hearing after receiving notice of license suspension, may not attack constitutionality of implied consent statute during his prosecution for operating after suspension); *see also State v. Dansinger*, 521 A.2d 685, 689 (Me.1987) (neither "competing harms" defense nor principles of international law available to defendants charged with trespassing upon Maine Air National Guard property as part of a protest of the nuclear arms race). Haines does not contend that the theft of services statute, 17–A M.R.S.A. § 357, is illegal. Therefore, even though the District Court erroneously ruled that Haines should have filed a motion to dismiss pursuant to M.R.Crim.P. 12(b), the error was harmless.

## II.

■ Haines next argues that the State failed to prove that he had the requisite

culpable state of mind. In order for a person to violate section 357, he must obtain services that "he *knows* are available only for compensation...." (Emphasis added.) The court found that the State proved that Haines knew that the use of the road was available only for compensation.

Haines contends, however, that the State must demonstrate a "subjective knowledge of wrongfulness" on Haines's part, and that, because the District Court found that Haines had a sincere belief in his right to be on the road, he could not be convicted. We disagree. Contrary to Haines's contention, the knowing element of theft of services relates to the attendant circumstances of the theft, i.e., that the services are "available only for compensation." *See* 17–A M.R.S.A. § 35(2)(B) (1983).[7] There is no question that Haines was aware that a fee was charged for entrance onto land controlled by North Maine, and that he used the road in a manner designed to avoid payment. The evidence, viewed in a light most favorable to the State, supports the court's finding that the State proved beyond a reasonable doubt each element of the crime of theft of services. *See State v. Barry*, 495 A.2d 825, 826 (Me.1985).

## III.

■ Haines also argues that even if the State proved the *mens rea* element of the crime, he is still entitled to a judgment of acquittal because the affirmative defense provided in 17–A M.R.S.A. § 361 applies to his conduct.

Section 361 provides in pertinent part:

It is an affirmative defense to prosecution under this chapter that the defendant acted in good faith under a claim of right to the property or services....

---

prosecution or in the charging document. Therefore, the District Court erred when it determined that Haines should have filed a motion to dismiss prior to trial.

7. 17–A M.R.S.A. § 35(2) (1983) provides:

2. "Knowingly."

**A.** A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.
**B.** A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.

We need not address the merits of Haines's contention, however, because Haines failed to raise his section 361 defense in the trial court as he was required to do.[8] *See* 17–A M.R.S.A. § 101(2) (1983). Moreover, we decline to address the issue under the obvious error provision of M.R.Crim.P. 52(b). In the circumstances of this case, in which Haines deliberately resorted to criminal activity in an effort to resolve a civil dispute, we perceive no manifest injustice to him in not considering on appeal the applicability of the affirmative defense not raised at trial. *State v. Tapley*, 598 A.2d 1190, 1192 (Me.1991); *State v. True*, 438 A.2d 460, 467–69 (Me.1981).

### IV.

Haines's final contention is that a statement made by the court that the fee charged for access to land controlled by North Maine might be illegal[9] requires an acquittal because it raises a reasonable doubt as to whether Haines's conduct was criminal. The District Court made it clear that it was not deciding the legality of the fee, and its factual findings on the elements of the crime of theft of services, were not dependent on the resolution of that issue. The court concluded that Haines committed the crime of theft of services, and it entered a judgment of conviction. The court's gratuitous comments on toll roads constitute dicta.

The entry is:

Judgment affirmed.

All concurring.

---

**8.** In fact, in the post-trial brief Haines submitted to the District Court, he states that he has not raised an affirmative defense under the Maine Criminal Code.

**9.** In its order the District Court expressed the opinion that a fee for use of a road amounted to a toll, and that a toll road can be instituted only with the permission of the legislature, citing *Wadsworth v. Smith*, 11 Me. 278 (1834).