## JANA BATTISTONI ET AL. *v.* WEATHERKING PRODUCTS, INC., ET AL.
## (14109)

Dupont, C. J., and Foti and Spear, Js.

Argued February 23—officially released June 4, 1996

*Robert R. Sheldon*, with whom was *Jason E. Tremont*, for the appellants (plaintiffs).

*Carol K. Young*, with whom, on the brief, were *Ann M. Siczewicz* and *Michael Montecalvo*, for the appellee (named defendant).

FOTI, J. The named plaintiff, Jana Battistoni,[1] appeals from the judgment of the trial court granting the named defendant's motion for summary judgment. The plaintiff alleges that the trial court improperly concluded (1) that the lack of adequate warnings was not a proximate cause of the accident and (2) that the dangers to the plaintiff of diving into the swimming pool were open and obvious. The plaintiff claims that the trial court improperly granted summary judgment by deciding these issues of material fact as a matter of law. We agree and reverse the trial court's judgment.

The following facts are not in dispute. The defendant Weatherking Products, Inc. (Weatherking), was the manufacturer of a Grecian steel wall vinyl liner pool, which it manufactured and distributed for sale in several states, including the state of Connecticut. The defendant Gregorio Associates, Inc., was a corporation engaged in the business of selling, installing and servicing swimming pools, including the Weatherking Grecian steel wall vinyl liner pool.[2] Sometime after October 19, 1987, but before April, 1988, Gregorio Associates sold and installed, in-ground, a Weatherking Grecian steel wall vinyl liner pool to James O'Leary and Barbara O'Leary of Goshen.

On June 20, 1990, the plaintiff, who was then twelve years old, attended a pool party for Monica O'Leary's[3] birthday at the O'Learys' home. The plaintiff, with the permission of the O'Learys, swam in the pool with the

---

[1] Jana Battistoni's mother, Madelyn Battistoni, is also a plaintiff in this case. Acting individually and as parent and next friend of Jana Battistoni, Madelyn Battistoni commenced this product liability action. Madelyn Battistoni's claims against the defendant rest on the same legal and factual grounds as Jana's claims. For the sake of clarity and because their claims will survive or be barred according to the disposition of the issues on appeal as applied to Jana, we refer to Jana as the plaintiff.

[2] In July, 1994, the action was withdrawn as to the defendant Gregorio Associates, Inc.

[3] Monica O'Leary is the daughter of James O'Leary and Barbara O'Leary.

other invited guests. Sometime after 6 p.m. on that date, the plaintiff dived into the shallow end of the O'Learys' pool and struck her head on the bottom. As a result of the accident, the plaintiff suffered serious, permanent injuries that rendered her a quadriplegic.

On the day of the accident, there were no signs permanently affixed or adjacent to the pool cautioning "no diving" nor were there any immovable signs attached to the pool advising of the potential hazards, dangers and risks associated with diving into shallow water. Also absent from the pool and its liner were depth markers indicating the varying depths of the water within the pool.[4]

In May, 1992, the plaintiff brought this action against Weatherking and Gregorio Associates, Inc., for alleged violations of the Connecticut Product Liability Act, General Statutes § 52-572m et seq. The plaintiff claimed that the pool manufactured by Weatherking was dangerous and defective in that Weatherking failed to affix to the pool depth markings and warnings of the risk of potential harm to users that could not be removed by the homeowner. In July, 1994, after the action was withdrawn as to Gregorio Associates, Inc., Weatherking moved for summary judgment alleging, inter alia, that its actions did not proximately cause the plaintiff's injuries and that no genuine issue of material fact existed with respect to this claim. Weatherking also posited that the potential dangers of diving headfirst into shallow water are open and obvious to the typical pool user and, therefore, the defendant was under no duty to warn.

Weatherking submitted to the trial court only one document, the deposition of the plaintiff, in support

---

[4] Weatherking caused to be issued, in conjunction with the sale of the pool, removable warning signs and decals. Although the O'Learys had received such signs and decals at the time of purchase, they had not installed the warning labels onto the pool. At the time of the accident, therefore, the pool was substantially in the same condition as when it was sold.

of its motion for summary judgment. The following relevant facts were disclosed through the plaintiff's deposition testimony. The plaintiff began to swim at approximately three years of age and learned to dive between the ages of nine and ten. Prior to the date of the accident, she had swum at various places including a YMCA pool, Tyler Lake, a pool at her grandmother's condominium in Florida, Woodridge Lake and at a pool reserved for residents of Woodridge Development where the plaintiff lived.

On at least two, and possibly as many as four occasions prior to the accident, the plaintiff also had swum in the O'Learys' pool. On those previous occasions, the plaintiff swam in all areas of the O'Learys' pool, including both the deep and shallow portions and, therefore, was familiar with both the configuration of the O'Learys' pool and the fact that the pool contained varying depths of water. The plaintiff was aware that at the deep end of the pool the water went over her head and that at the shallow end it did not. The plaintiff, however, did not know the precise numerical depth of the pool at any of its various locations.

The plaintiff had never received any formal training in either swimming or diving. The plaintiff was not a member of any swimming or diving team, club or group. Madelyn Battistoni had been the plaintiff's sole instructor for both of these activities and had warned the plaintiff about the dangers of diving into a body of water where it was not feasible to determine the depth of the water. Prior to the accident, the plaintiff knew that if she dived too deep into the shallow end of a pool, she could hit the bottom and be injured. The plaintiff, however, did not know that by hitting the bottom of the pool she could sustain a spinal cord injury, permanent paralysis or serious injury. She believed that the worst injury she could possibly sustain in such an accident would be trauma to her face, such as a broken nose or

a chipped tooth. On the day of the accident, just prior to making the dive, the plaintiff was aware that she was diving into shallow water.

In opposition to Weatherking's motion for summary judgment, the plaintiff presented several supporting documents, including the plaintiff's affidavit and deposition testimony, the depositions of two witnesses to the accident and the depositions of Jonathan DeMichel,[5] and Samuel Glucksberg.[6] The plaintiff's evidence notwithstanding, the trial court granted Weatherking's motion for summary judgment and issued a written memorandum of decision.

The trial court concluded that "the plaintiff has failed to establish that the alleged failure to warn by [Weatherking], was the proximate cause of her injuries. Rather, given her experience as a swimmer, her familiarity with pools and the O'Learys' pool in particular, and her admission that she knew she was diving into shallow water, a reasonable mind could only conclude that her own action was the proximate cause of her injury. Her awareness of the possibility of physical harm as a result of diving into shallow water shows that a warning would have only communicated what the plaintiff already knew. Therefore, such a warning would have had no effect on her decision to dive in." The trial court also held that "because the danger of diving headfirst into shallow water is an open and obvious one, the manufacturer has no legal duty to warn of such a danger which is readily ascertainable from the characteristics of the pool."

The plaintiff appealed from the summary judgment rendered by the trial court. In response, Weatherking

---

[5] DeMichel was an officer of Gregorio Associates, Inc., who testified that no depth markers were provided with the pool.

[6] Glucksberg, a psychologist whom the plaintiff regarded as an expert in human factors, testified that the plaintiff was without knowledge that she

argues that the trial court's judgment was entirely appropriate.

The dispositive issue for this court to decide in this products liability appeal is whether the evidence before the trial court raised a genuine issue of material fact regarding whether the conduct of Weatherking was the proximate cause of the plaintiff's injuries. More specifically, we must determine, given the plaintiff's knowledge that she was diving into the shallow end of the pool and her understanding that such an action could result in injury, whether a reasonable mind could conclude only that the plaintiff would have elected to perform the dive even if there had been depth markings and warnings installed on the pool on the day of the accident. We conclude that this query presented a genuine issue of material fact to be determined by a jury and that the trial court improperly granted the defendant's motion for summary judgment. We, therefore, need not address the issue of whether the dangers of diving into shallow water are so "open and obvious" as to negate the necessity of a pool manufacturer to affix depth markings and warnings to its product.

The standard of appellate review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 384 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together

---

could sustain a spinal cord injury, permanent paralysis or serious injury by diving into shallow water.

with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 781, 595 A.2d 334 (1991); see also *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 650, 594 A.2d 952 (1991), on appeal after remand, 229 Conn. 842, 643 A.2d 1282 (1994); *Sharp* v. *Wyatt, Inc.*, 31 Conn. App. 824, 832, 627 A.2d 1347, aff'd, 230 Conn. 12, 644 A.2d 871 (1994); *Wadia Enterprises, Inc.* v. *Hirschfeld*, 27 Conn. App. 162, 165–66, 604 A.2d 1339, aff'd, 224 Conn. 240, 618 A.2d 506 (1992). "The mere presence of an adverse claim, however, will not in itself defeat the motion." *Sharp* v. *Wyatt, Inc.*, supra, 832.

The plaintiff first claims that the trial court improperly granted Weatherking's motion for summary judgment on the plaintiff's product liability claims. The plaintiff argues that she was completely unaware of the possibility of incurring a spinal cord injury from diving into shallow water. The plaintiff contends that if Weatherking had placed permanent depth markings and warnings on the pool, advising of the risks associated with diving into the pool and the potential for serious bodily injury, the plaintiff would not have performed the dive in question. Moreover, the plaintiff asserts that the determination of whether the plaintiff would have executed the dive had there been warnings installed on the pool is a question for the trier of fact and that the trial court, therefore, improperly granted Weatherking's summary judgment motion.

Conversely, Weatherking maintains that on the basis of the plaintiff's deposition testimony, no genuine issue of material fact existed regarding whether the alleged

failure to warn caused the plaintiff's injuries. Weatherking argues that the plaintiff's statements regarding her familiarity with the O'Learys' pool, her knowledge that she was diving into shallow water and her acknowledgment that she was aware that an injury could result from diving into shallow water conclusively established that the existence of a warning would not have prevented the plaintiff from executing the dive in question. Weatherking contends that even if the warnings argued for by the plaintiff had been present, the plaintiff would nonetheless have made the dive in question and the plaintiff's injuries would have occurred.

" 'In a products liability action, the plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the plaintiff's injuries.' *Wierzbicki* v. *W. W. Grainger, Inc.*, 20 Conn. App. 332, 334, 566 A.2d 1369 (1989), citing *Zichichi* v. *Middlesex Memorial Hospital*, 204 Conn. 399, 403, 528 A.2d 805 (1987)." *Haesche* v. *Kissner*, 229 Conn. 213, 218, 640 A.2d 89 (1994). "A product is defective when it is unreasonably dangerous to the consumer or user." *Sharp* v. *Wyatt, Inc.*, supra, 31 Conn. App. 833. The established rule in Connecticut is that "[a] product may be defective because a manufacturer or seller failed to warn of the product's unreasonably dangerous propensities." *Tomer* v. *American Home Products Corp.*, 170 Conn. 681, 689, 368 A.2d 35 (1976); see also General Statutes § 52-572q; *Giglio* v. *Connecticut Light & Power Co.*, 180 Conn. 230, 235, 429 A.2d 486 (1980). "Under such circumstances, the failure to warn, by itself, constitutes a defect." *Ames* v. *Sears, Roebuck & Co.*, 8 Conn. App. 642, 645, 514 A.2d 352, cert. denied, 201 Conn. 809, 515 A.2d 378 (1986).

General Statutes § 52-572q (c) governs the issue of causation in warnings cases. That statute provides in part that "the claimant shall prove by a fair preponderance of the evidence that if adequate warnings or

instructions had been provided, the claimant would not have suffered the harm." "Questions regarding the existence of a causal link classically are reserved for determination by the trier of fact." *Sharp* v. *Wyatt, Inc.*, supra, 31 Conn. App. 835; *Haesche* v. *Kissner*, supra, 229 Conn. 218. Proximate cause "becomes a question of law only when the mind of a fair and reasonable person could reach only one conclusion . . . . The question should be submitted to the trier of fact if there is room for a reasonable disagreement." (Internal quotation marks omitted.) *Hall* v. *Winfrey*, 27 Conn. App. 154, 158, 604 A.2d 1334, cert. denied, 222 Conn. 903, 606 A.2d 1327 (1992).

In her deposition, the plaintiff testified that she believed that the most severe trauma an individual could sustain by diving into the shallow end of a swimming pool was a chipped tooth, a broken nose or a facial injury. The plaintiff stated that she had swum in the O'Learys' pool previously and was familiar with its contours, configuration and varying water depths. She also testified that just prior to executing the dive in question, she knew she was diving into shallow water. The plaintiff testified in her deposition that had she known of the possibility of incurring a spinal cord injury, permanent paralysis or serious bodily injury, she would not have performed the dive in question. These facts, taken together, do not conclusively establish that the plaintiff would have dived into the pool even if warnings and depth markings, advising of the hazards of diving into shallow water, were posted on the pool.

Despite this testimony, the trial court concluded that, as a matter of law, warnings to the plaintiff, instructing of the dangers of diving into shallow water, would not have prevented the plaintiff's accident. For the court to have reached this conclusion, it must have discredited the deposition testimony of the plaintiff as well as the other depositions submitted by the plaintiff in its

opposition to Weatherking's motion. Issues of credibility, however, are exclusively within the province of the trier of fact; *Berry* v. *Loiseau*, 223 Conn. 786, 821, 614 A.2d 414 (1992); *Caciopoli* v. *Acampora*, 30 Conn. App. 327, 333, 620 A.2d 191 (1993); and should not be resolved for purposes of summary judgment. *Town Bank & Trust Co.* v. *Benson*, 176 Conn. 304, 309, 407 A.2d 971 (1978).

In viewing the evidence in the light most favorable to the plaintiff, we conclude that whether the lack of warnings and depth markings was the proximate cause of the plaintiff's injuries was a disputed issue of material fact that should be determined by a jury. A material fact is one that will make a difference in the result of the case. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). Reasonable minds could reach differing conclusions as to whether the plaintiff would have made the dive in question even if Weatherking had affixed nonremovable, permanent warnings and depth markings to the pool and, therefore, Weatherking was not entitled to judgment as a matter of law.

The evidence presented by the plaintiff was sufficient to demonstrate a disputed factual issue and to substantiate her adverse claim in opposing summary judgment. *Conway* v. *Wilton*, 39 Conn. App. 280, 283–84, 664 A.2d 327, cert. granted, 235 Conn. 934, 667 A.2d 1271 (1995). Weatherking has failed to advance evidence in support of its motion for summary judgment to establish the absence of a factual dispute, thereby making summary judgment inappropriate. *Town Bank & Trust Co.* v. *Benson*, supra, 176 Conn. 307–308. It is Weatherking's burden, as the moving party, to provide evidence to establish the absence of a material factual dispute. *Gambardella* v. *Kaoud*, 38 Conn. App. 355, 358, 660 A.2d 877 (1995). We conclude that on the basis of the evidence presented, summary judgment was not warranted.

The judgment is reversed and the case is remanded with direction to deny the motion for summary judgment and for further proceedings.

In this opinion the other judges concurred.