[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Marilyn Hyman, alleges that when she stopped her vehicle because the traffic in front of her stopped, a vehicle driven by the defendant Jose Garced, a driver for the CT Page 12944 defendant Classic Limousine Airport Service (Classic Limo), collided with the rear of her vehicle. The plaintiff further alleges that a vehicle driven by the defendant Goran Lazevski, a driver for the defendant DS Restorations, Inc. (DS), collided with Garced's vehicle; that the collision of the Lazevski and Garced vehicles caused Garced's vehicle to impact the plaintiff's vehicle a second time; and that the vehicle behind Lazevski's, driven by the defendant Michael Bedore, collided with Lazevski's vehicle, also contributing to the plaintiff's injuries.
Specifically, the plaintiff alleges that the defendants, Garced, Classic Limo, Lazevski, DS, and Bedore, were negligent in that they were inattentive, they violated section 14-240 of the General Statutes by following the vehicles in front of them too closely, they failed to apply their brakes in the exercise of due care, they were speeding, and/or they failed to keep their vehicles under proper control. The plaintiff alleges that she suffered severe injuries and has spent considerable sums of money for medical bills.
The defendants Lazevski and DS have moved for summary judgment on the plaintiff's claim against them on the ground that there are no genuine issues of material fact and that the undisputed facts warrant a judgment in their favor as a matter of law. These defendants argue that Lazevski successfully stopped his vehicle without colliding with Garced's vehicle, which was in front of him, and that Lazevski was struck from behind, thus forcing his vehicle into Garced's vehicle. The defendants deny any negligence, and offer Lazevski's affidavit in support of their motion.
The plaintiff argues that there remains a genuine issue of material fact as to whether Lazevski's vehicle collided with Garced's vehicle before Lazevski was rear-ended by Bedore. In opposition to the defendants' motion, the plaintiff submits her own affidavit, her deposition, and a police report completed at the scene. The plaintiff alleges in her affidavit and deposition that she felt two impacts at the time of the accident. The police report contains a statement by Bedore that he saw several cars stop and strike each other ahead of him.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Elliott v.Waterbury, 245 Conn. 385, 391, ___ A.2d ___ (1998). The defendants CT Page 12945 must show that "a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp. , 233 Conn. 732,751, 660 A.2d 810 (1995). "It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiaryfacts, or substantial evidence outside the pleadings to show the absence of any material dispute. . ." (Citations omitted; emphasis in original; internal quotation marks omitted.)Gambardella v. Kaoud, 38 Conn. App. 355, 358, 620 A.2d 877
(1995).
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. . ." (Citations omitted; internal quotation marks omitted.) Great Country Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997).
The court will not consider the plaintiff's uncertified deposition in deciding this motion for summary judgment. The appellate court has held that "[a] response to a question propounded in a deposition is not a judicial admission." Espositov. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985). The appellate court has not conclusively established whether courts may nevertheless consider deposition testimony in deciding motions for summary judgment. See Schratwieser v. HartfordCasualty Ins. Co., 44 Conn. App. 754, 756 n. 1, 692 A.2d 1238, cert. denied, 241 Conn. 915, 696 A.2d 340 (1997) (allowing the trial record to stand "without ruling on the propriety of deposition testimony when submitted with a motion for summary judgment"); Collum v. Chapin, 40 Conn. App. 449, 450 n. 2,671 A.2d 1329 (1996) (upholding the trial court's consideration of deposition testimony on a motion for summary judgment "in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact"). "Whether to admit deposition testimony into evidence is within the discretion of the trial court." Oberdick v. Allendale Mutual Insurance Co., Superior Court, judicial district of New Haven, Docket Nos. 283004 and 282791 (August 25, 1993, Celotto, J.) (9 CONN. L. RPTR. 607, 608). This court has previously stated that "the court cannot consider the uncertified deposition testimony for the purposes of [a] motion for summary judgment because the CT Page 12946 transcript is not independently admissible as evidence and it fails to comply with the requirements of the Practice Book."Pishnov v. Lewis, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 123598 (June 20, 1995, D'Andrea, J.). The court will not examine the plaintiff's inadmissible deposition testimony in deciding this motion for summary judgment.
"Hearsay statements are insufficient to contradict facts offered by the moving party . . . and if an affidavit contains inadmissible evidence it will be disregarded." (Citations omitted.) 2830 Whitney Avenue v. Heritage Canal DevelopmentAssociates, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994). "[E]xcept for the portion of the police report containing the personal observations of the police officer, none of [his] statements [are] admissible . . . because of the hearsay rule. They could not, therefore, [be] relied upon to support the motion for summary judgment. Practice Book § 381." Fogarty v.Rashaw, 193 Conn. 442, 444, 476 A.2d 582 (1984). Because the police officer's report of Bedore's recollections constitutes hearsay, the court will not consider this information in ruling on the motion for summary judgment.
The only evidence properly before the court concerning this motion consists of the affidavits of the defendant Lazevski and the plaintiff. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." See Practice Book § 17-46. Because the affidavits submitted satisfy the knowledge, admissibility, and competency requirements, the court must examine the affidavits in deciding whether to grant summary judgment.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, supra, 193 Conn. 446. "Proximate cause becomes a question of law only when the mind of a fair and reasonable person could reach only one conclusion. . . The question should be submitted to the trier of fact if there is room for a reasonable disagreement. . ." (Alteration in original; citation omitted; internal quotation marks omitted.) Battistoni v. WeatherkingProducts, Inc., 41 Conn. App. 555, 563, 676 A.2d 890 (1996). CT Page 12947
The defendants Lazevski and DS have failed to show the absence of any issue of material fact. The defendants have provided only the defendant Lazevski's account of the events. "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised. . ." (Citations omitted; internal quotation marks omitted.) Town Bank Trust Co.v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978). Because the defendants have presented only one self-serving affidavit, they have failed to show that "a reasonable person could reach only one conclusion." Battistoni v. Weatherking Products, Inc., supra,41 Conn. App. 563.
The defendants Lazevski and DS argue, however, that this court should follow Bogart v. Castlevetro, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 49595 (September 25, 1995, Rush. J.) (15 CONN. L. RPTR. 268). InBogart, where the only evidence on the motion consisted of the affidavits of the plaintiff and the defendant, the court held that "[t]he fact that the plaintiff . . . felt two impacts is not sufficient to raise a question of fact as to the conduct of the defendant. . ." Id. The Bogart case does not constitute mandatory authority, however, and this court will not rely on that decision. Summary judgment is disfavored where the controversy is "peculiarly one which require[s] an evidentiary hearing for a trial of the issues of fact in which the trier would be called on to determine the credibility of witnesses and the weight to be given to their testimony." Spencer v. Good EarthRestaurant Corp. , 164 Conn. 194, 199, 319 A.2d 403 (1972). Determinations of credibility are vital in a negligence case where there are multiple defendants and multiple witnesses. Issues that may involve determinations of credibility will be left to the fact finder at trial.
The plaintiff's statement that she felt two impacts highlights the question of who caused the second impact. The defendants have failed to show the absence of any material dispute. The single self-serving affidavit of the defendant Lazevski does not provide sufficient evidence to grant summary judgment in this fact-intensive negligence case where determinations of causation and credibility will be crucial. Viewing the evidence in the light most favorable to the plaintiff, the court denies the defendants' motion for summary judgment. CT Page 12948
D'ANDREA, J.