[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Landscape Structures, Inc. (LSI) and M.E. O'Brien 
Sons, Inc. (MEO), move for summary judgment in response to a complaint, filed on May 21, 1999, by Deborah L. Ross, on her own behalf and on behalf of her daughter, Samantha L. Fitzgerald. LSI is a manufacturer of playground equipment, and MEO is a New England sales representative for LSI. For purposes of this motion, the following facts are not in dispute.
On June 25, 1997, Ross took Fitzgerald and several other children to a playground at Owen Bell Park in the town of Killingly. Fitzgerald and the other children fed the ducks, played on the playground equipment and got wet playing around the water sprinkler. One of the pieces of playground equipment enjoyed by the children that day was a track ride manufactured by LSI. The track ride is a large piece of equipment that has a handle, referred to as a trolley assembly, hanging from a track. The user holds CT Page 14328 onto this handle and slides along the track, with his or her feet many inches from the ground, until reaching the platform at the other end of the ride. Because the handle moved slowly along the track, the children pushed one another. Ross believed that this was the appropriate way to use the ride. Fitzgerald rode this track approximately six times on June 25, 1997.
After the children were told that it was time to leave the park, Fitzgerald received permission from Ross to go on the track ride for one final time. As Ross stood watching nearby, Fitzgerald's sister pushed her on the ride. Upon reaching the other side of the ride, the handle that Fitzgerald was holding onto proceeded to go backwards as she attempted to step onto the platform. Her hand slipped, and she fell to the ground breaking her right elbow.
This action was filed in Putnam Superior Court on May 21, 1999, against LSI, MEO and the town of Killingly. After various motions and requests, the plaintiffs withdrew their action against the town of Killingly and, on February 22, 2000, filed a substituted complaint (complaint) against LSI and MEO. The complaint is composed of three counts: count one, brought by Fitzgerald against LSI, sounds in products liability; count two, brought by Fitzgerald against MEO, sounds in negligence; and count three, brought by Ross, alleges that Ross incurred medical expenses for Fitzgerald due to the actions of LSI and MEO. The first count of the plaintiffs' complaint is brought pursuant to General Statutes § 52-572m
on various theories of products liability. Although each theory is not specifically delineated, count one of the complaint arguably includes the theories of strict liability for defective design, strict liability for failure to warn or instruct, negligent design, and negligent failure to warn or instruct.
On August 21, 2000, the defendants filed a motion for summary judgment on the ground that the track ride was safe and did not cause Fitzgerald's injuries. In accordance with Practice Book § 17-45, the defendants filed a memorandum of law in support of their motion along with the transcripts of several depositions. The plaintiffs filed a timely memorandum in opposition along with supporting affidavits, and the defendants filed a reply memorandum in response to the plaintiff's opposition.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Appleton v. Board of Education, 254 Conn. 205, 209, ___ A.2d ___ (2000). "In deciding a motion for summary judgment, the trial court must view the CT Page 14329 evidence in the light most favorable to the nonmoving party." Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle [said party] to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted.) Miles v. Foley, 253 Conn. 381, 386, 752 A.2d 503
(2000). "It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue [however]. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . . Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Citations omitted.) Great Country Bank v.Pastore, 241 Conn. 423, 436, 696 A.2d 1254 (1997). "Requiring the nonmovant to produce such evidence does not shift the burden of proof Rather, it ensures that the nonmovant has not raised a specious issue for the sole purpose of forcing the case to trial. See Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1980) ("[i]ndeed, the whole summary judgment procedure would be defeated if, without any showing of evidence, a case could be forced to trial by a mere assertion that an issue exists')." Id.
The defendants argue that summary judgment is appropriate in this case because there are no disputed issues of material fact, and the plaintiffs have failed to provide any evidence to support their allegations that the track ride was unsafe or unreasonably dangerous or that it caused the minor plaintiff's injuries. They also argue, in the alternative, that the claims for negligence against MEO are barred by the exclusivity of the Products Liability Act, General Statutes § 52-572m et seq. In addition, the defendants also argue that the plaintiffs have failed to alleged any duty owed by MEO to the plaintiffs and have failed to provide any evidence that MEO supervised the installation of the track ride.
The plaintiffs object to the defendants' motion for summary judgment, arguing that the deposition testimony of Steve Bernheim[1] supports their claim that the track ride was defective, and they further argue that there are many issues of material fact which, as a matter of law, bar the granting of the defendants' motion. The plaintiffs further argue that their claim against MEO appropriately sounds in negligence, because MEO merely supervised the installation of the track ride and was not a product seller.
"The doctrine [of strict products liability] represents a policy decision that the burden of injuries brought about by a defective product should not be placed upon the individual who uses the product, but, CT Page 14330 rather, should be borne by the manufacturer or supplier, and thus eventually be spread among the consuming public." Wagner v. ClarkEquipment Co., 243 Conn. 168, 194, 700 A.2d 38 (1997). "The doctrine of strict liability in tort is concerned with the character of the product injected into the stream of commerce, not with the specific conduct of the defendant." Id., 195.
To prevail on its motion for summary judgment, LSI bears the burden of demonstrating that the evidence submitted along with its motion clearly shows that the track ride was not unreasonably dangerous for its intended use, and that the track ride was accompanied by adequate warnings as to any unreasonable danger associated with its use, of which an ordinary user would not be appreciative. "To satisfy [this] burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984).
"Under Connecticut's product liability statute, General Statutes §52-572m et seq., the plaintiff must plead and prove that the [defendant's] . . . [product was] defective and that the defect proximately caused the [plaintiff's injuries]. . . . A product is defective when it is unreasonably dangerous to the consumer or user. . . . The established rule in this jurisdiction is that [a] product may be defective because a manufacturer or seller failed to warn of the product's unreasonably dangerous propensities. . . . Under such circumstances, the failure to warn, by itself, constitutes a defect." (Citations omitted; emphasis in original; internal quotation marks omitted.) Sharp v. Wyatt, Inc., 31 Conn. App. 824, 833, 627 A.2d 1347
(1993), aff'd., 230 Conn. 12, 644 A.2d 871 (1994).
In the present case, the plaintiffs allege, inter alia, in count one of their complaint, that: the track ride was defective in that it was designed to present an inherent risk of harm; the trolley assembly was difficult to hold onto because it was made of a slippery material; LSI violated various safety standards and guidelines; LSI failed to make reasonable design changes when it knew, or should have known, that the trolley assembly and bumper at the end of the track ride prevented the rider from landing over the platform; LSI failed to warn of the risk involved in using the track ride; and LSI allowed this especially dangerous track ride to be installed in a playground, for use by children, by negligently and carelessly representing that it was safe. Thus, the plaintiffs have alleged that the track ride was defective is several respects, including in that it was not accompanied by adequate warnings. CT Page 14331
Viewing the evidence in the light most favorable to the plaintiffs; seeAppleton v. Board of Education, supra, 254 Conn. 209; the court finds issues of material fact in this case. As to the plaintiffs' claim that the track ride was unreasonably dangerous, generally speaking, "[w]hether a product is unreasonably dangerous is a question of fact to be determined by the jury . . . [and] [t]he jury can draw their own reasonable conclusions as to the expectations of the ordinary consumer and the knowledge common in the community at large." (Internal quotation marks omitted.) Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199,225, 694 A.2d 1319 (1997). As to the issue of whether the track ride caused the minor plaintiffs injuries, "[t]he question of proximate causation generally belongs to the trier of fact because causation is essentially a factual issue. . . . It becomes a conclusion of law only when the mind of a fair and reasonable [person] could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined as a matter of fact. . . ." Stewart v. FederatedDept. Stores, Inc., 234 Conn. 597, 611, 662 A.2d 753 (1995). As to whether the track ride was defective because LSI failed to properly warn the plaintiffs, "[w]hether a product is defective under § 52-572q[2]
[also presents] a question of fact." Sharp v. Wyatt, Inc., supra,31 Conn. App. 834.
"It is [the movant's] burden . . . to provide evidence to establish the absence of a material factual dispute. Gambardella v. Kaoud,38 Conn. App. 355, 358, 660 A.2d 877 (1995)." Battistoni v. WeatherkingProducts, Inc., 41 Conn. App. 555, 564, 676 A.2d 890 (1996). Here, the defendants have submitted no evidence that the track ride was not unreasonably dangerous, or that it did not present an inherent risk of harm, or that warnings were not necessary. They simply seek to shift their initial burden to the plaintiffs by alleging that the plaintiffs have not submitted any evidence to prove that the track ride was unsafe. However, the initial burden is upon the moving party to prove that there exists no issue of material fact; see Battistoni v. WeatherkingProducts, Inc., supra, 41 Conn. App. 564; and the defendants, here, have failed to meet this burden.
In Battistoni v. Weatherking Products, Inc., supra, 41 Conn. App. 557, the plaintiffs alleged that the swimming pool manufactured by the defendant, Weatherking Products, Inc., was defective because the defendant had failed to affix to the swimming pool depth markings and warnings of the risk of diving into the shallow portion of the pool. The defendant moved for summary judgment on the ground that there were no issues of material fact and the lack of warnings was not a proximate cause of the accident. See id. In reversing the trial court's granting of the motion for summary judgment, the Appellate Court held that issues of material fact existed as to whether the plaintiff would have dived into CT Page 14332 the shallow end of the pool had there been sufficient warnings as to the potential for serious injury. See id., 564. The plaintiff, in her deposition, testified that she believed the most serious injury she could sustain in making a dive into the shallow end of the pool was a chipped tooth, a broken nose or a facial injury. See id., 563. She further testified that had she known that a serious injury was possible, she would not have undertaken the dive. See id. The Appellate Court held that this evidence "was sufficient to demonstrate a disputed factual issue and to substantiate [the plaintiff's] adverse claim in opposing summary judgment. . . . [The defendant] has failed to advance evidence in support of its motion for summary judgment to establish the absence of a factual dispute, thereby making summary judgment inappropriate. . . . It is [the defendant's] burden, as the moving party, to provide evidence to establish the absence of a material factual dispute." (Citations omitted.) Id., 564.
Similarly, in the present case, Ross was questioned at her deposition regarding whether she thought Fitzgerald could get hurt from falling off the track ride. She responded that she did not believe that her daughter could receive an injury in such a fall. She also stated that if she thought it were possible for Fitzgerald to truly get hurt, she would not have allowed her to go on the ride.
Accordingly, there exists a dispute of material fact as to whether Ross would have allowed Fitzgerald to use the track ride had a warning been posted. Thus, the plaintiffs' motion for summary judgment on the ground that there exists no genuine issue of material fact as to the safety or defectiveness of the track ride or whether it caused the minor plaintiffs injuries is denied.
The defendants next argue in their memorandum that the negligence claim against MEO should be summarily decided because MEO is a product seller pursuant to General Statutes § 52-572m. A "product seller" is defined as "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption." General Statutes § 52-572m (a). "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes § 52-572n(a). The determination of whether a party is a "product seller," pursuant to General Statutes § 52-572m(a), involves a question of law for the court. See Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 72,579 A.2d 26 (1990).
The defendants argue that the plaintiffs correctly allege, in count two CT Page 14333 of their complaint, that MEO was a sales representative for LSI during the summer of 1997. Thus, the defendants argue, MEO is a product seller, and their motion for summary judgment as to the negligence claim against MEO must be granted because General Statutes § 52-572n(a) provides the plaintiffs with their exclusive remedy.
The court agrees that the complaint clearly states that MEO was a sales representative for LSI. Despite this fact, however, the complaint does not state that the town of Killingly purchased its track ride through MEO. Rather, the complaint specifically alleges, in counts one and two, that the town purchased the track ride directly from LSI and that MEO negligently supervised the town's installation of the track ride. MEO, in ¶ 3 of its answer, admits that the town purchased the track ride from LSI. LSI, in its answer, also admits that the town purchased the track ride from LSI, but then states that the purchase was through MEO. In doing so, however, LSI misconstrues the factual allegations contained in count one of the plaintiffs' complaint, which specifically state, in part, that LSI "sold, delivered and through its servant or agent, [MEO,] supervised the installation of one of said track rides. . . ." (Complaint, count one, ¶ 4.) This, as the plaintiffs correctly point out, alleges that LSI sold and delivered the track ride to the town, and, through MEO, supervised its installation.
The defendants have submitted no evidence to support their argument that it was actually MEO that made the sale to the town, and, further, the answer of MEO admits that LSI sold the ride to the town. Accordingly, the court finds that MEO was a service provider, rather than a product seller in this instance. "`Once a particular transaction is labeled a "service," as opposed to a "sale" of a "product," it is outside the purview of our product liability statute.' Zichichi v. MiddlesexMemorial Hospital, [204 Conn. 399, 403, 528 A.2d 805 (1987)]. . . . See also Paul v. McPhee Electrical Contractors, 46 Conn. App. 18, 23,698 A.2d 354 (1997) (holding that an electrician who installed a light fixture was not a product seller under the CPLA since there was no indication that the electrician was "involved in placing light fixtures into the stream of commerce'); Gilbane Building Co. v. Stamford Towers, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 118788 (August 31, 1995) (D'Andrea, J.) (holding that a construction manager was not a product seller of allegedly defective precast panels where sufficient facts were not alleged to demonstrate that the construction manager was in the business of selling precast panels);Ferguson v. EBI Medical Systems, Superior Court, judicial district of New London, Docket No. 527663 (August 1, 1995) (Hurley, J.) (15 Conn.L.Rptr. 94) (holding that a hospital rendered services, and was not a product seller, where the hospital ordered and installed an allegedly defective wrist fixator during surgery on the plaintiff, since the CT Page 14334 contract was basically one for the rendition of services and the materials used were merely incidental to the main purpose of the contract); Hines v. JMJ Construction Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506329 (January 11, 1993) (Miano, J.) (8 Conn.L.Rptr. 232) (holding that a subcontractor who constructed a sidewalk performed services)." Lang v.Brom Builders, Inc., Superior Court, Judicial District of New Haven at New Haven, Docket No. 369766 (February 3, 1998, Hartmere, J.) (21 Conn.L.Rptr. 225, 227-28). Accordingly, the plaintiffs' motion for summary judgment, as to the claims against MEO, on the ground of exclusivity of the Products Liability Act, is denied.
The defendants also argue, in a footnote on page seventeen of their memorandum, that summary judgment should be granted as to the plaintiffs' negligence claim against MEO because the plaintiffs presented no evidence that MEO supervised the installation of the track ride.
In a motion for summary judgment, the party seeking to have the case disposed of summarily, has the initial burden of showing that there exists no genuine issue of material fact. See Miles v. Foley, supra,253 Conn. 386. "A `material fact' is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990)." Mountaindale CondominiumAssn. v. Zappone, 59 Conn. App. 311, 315, ___ A.2d ___ (2000). In the present case, the defendants argue that MEO did not supervise the installation of the track ride and that there is no evidence to prove otherwise. Whether or not it is ultimately proven that MEO provided such supervision, however, presents an issue of material fact, not appropriately decided in this motion for summary judgment. The plaintiffs, in counts one and two, specifically allege that MEO negligently supervised the installation of the track ride. None of the evidence provided by the defendants establishes that MEO did not supervise the installation. The defendants' bare denial that MEO provided such supervision is insufficient to meet its burden of proof and merely supports the plaintiffs' argument that there are issues of material fact in this case. Accordingly, the defendants' motion for summary judgment, on the ground that the plaintiffs have failed to provide proof that MEO supervised the installation of the track ride, is denied.
Lastly, the defendants argue, also in a footnote on page seventeen of their memorandum, that the plaintiffs have failed to allege that MEO owed a duty to the plaintiffs, and, therefore, their motion for summary judgment on the negligence claim against MEO, should be granted.
"The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law. "There CT Page 14335 can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . Whether a duty of care exists is a question of law to be decided by the court.' . . . Waters v. Autuori, 236 Conn. 820, 826,676 A.2d 357 (1996)." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
"`The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?' . . . Clohessy v. Bachelor,237 Conn. 31, 45, 675 A.2d 852 (1996)." Id., 660-61.
The allegations against MEO are contained in count two of the plaintiffs' complaint, which, in part, alleges: "5. The injury suffered by the minor [p]laintiff was caused by the negligence and carelessness of [MEO] . . . in one or more of the following respects: (a) . . . when the trolley assembly the rider holds onto hit the bumper at the end of the track ride beam it was hurled back onto the open area away from the landing platform where the rider was left dangling in open space away from the landing platform. (b) . . . [MEO] knew, or should have known, that the trolley assembly the children held onto . . . was made of a material that was slippery and smooth and difficult to hold onto; yet it failed to cover the trolley assembly with some sort of material that would allow the children to get a good grip thereon. (c) . . . [MEO] failed to warn those who rode said track ride of the danger involved. (d). . . although it knew, or should have known, that the track ride and bumper at the end of the track ride beam prevented the trolley assembly from stopping over the landing platform, it failed to make reasonable changes to prevent this and failed to warn of the risk involved." (Complaint, Count two, ¶ 5.) Paragraph six then states that "[a]s a result of the negligent and careless supervision of the installation of said track ride by [MEO,] the minor [p]laintiff . . . while attempting to ride said track ride was caused to fall from the same onto the ground and to suffer a complete, displaced, fracture of the humerus bone at her rights elbow." (Complaint, Count two, ¶ 6.)
"A duty to use care may arise from a contract, from a statute, or from CT Page 14336 circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Burnsv. Board of Education, 228 Conn. 640, 646, 638 A.2d 1 (1994). Under the circumstances of this case, the court could find, as a matter of law, that MEO, as the alleged installation supervisor, had a duty to use reasonable care in supervising the installation of the track ride at Owen Bell Park, a public playground.
Once the court finds that a duty of care exists, "the trier of fact [must] then determine whether the defendant violated that duty in the particular situation at hand." Mendillo v. Board of Education,246 Conn. 456, 483, 717 A.2d 1177 (1998). In this case, a genuine issue of fact exists regarding whether MEO breached its duty of care. Furthermore, "[l]itigants have a constitutional right to have issues of fact decided by a jury. . . . Summary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975). "A conclusion of negligence or freedom from negligence is ordinarily one of fact. . . . The trier must determine whether, in his own opinion, the defendant's actions meet the standards of conduct for one of reasonable prudence." Amendola v. Geremia, 21 Conn. App. 35, 37, 571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 218 (1990). Accordingly, summary judgment cannot be prudently granted under the circumstances presented in this case.
Having failed to meet their burden of proof, the defendants' motion for summary judgment is, hereby, denied.
Foley, J.