[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#184)
CT Page 407
This action comes before the court on the defendant Tradewinds Group, Inc.'s (Tradewinds) motion to strike the twelfth count of the plaintiff's revised complaint dated August 7, 2001 (#176). For the reasons stated below, the defendant's motion to strike is granted.
 I. BACKGROUND
The plaintiff, Greta Drennan, alleges the following facts in count twelve of her complaint. On or about October, 1993, the plaintiff had a total knee replacement at the University of Connecticut Health Center. In December, 1996, the plaintiff's knee became septic and she sought treatment with the defendant, Dr. Geist, who is affiliated with the defendant, Middlesex Hospital. Ultimately, the plaintiff developed an infected knee which necessitated the removal of the prosthetic knee and insertion of a cement spacer. On April 22, 1997, Dr. Geist informed the plaintiff that the wrong polyethylene tibial insert (insert) was used and that the plaintiff would have to undergo further surgery to exchange the wrong insert for the correct one. On April 24, 1997, the plaintiff underwent surgery to exchange the insert. As a result, the plaintiff alleges that she suffered severe permanent and disabling injuries.
The plaintiff brought a multi-count complaint against several defendants under a variety of legal theories. Count twelve, at issue herein, is brought against the defendant, Tradewinds, purportedly asserting a cause of action in product liability. In her prayer for relief, the plaintiff also seeks punitive damages, pursuant to General Statutes § 52-240b, and attorney's fees, pursuant to General Statutes § 52-240a.
On September 7, 2001, Tradewinds filed the instant motion to strike (#184) the twelfth count on the ground that the plaintiff has failed to plead the required elements of a product liability claim. Tradewinds claims that the plaintiff has not alleged that the insert was defective or that the plaintiff was harmed by it. On September 17, 2001, the plaintiff filed her objection to the motion to strike (#186). The court heard oral argument at short calendar on October 15, 2001, and after reviewing the pleadings submitted by the parties concerning the motion, now issues this memorandum of decision.
 II. STANDARD OF REVIEW
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the CT Page 408 court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, 753 A.2d 927
(2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
 III. DISCUSSION
Tradewinds moves to strike the twelfth count on the ground that the plaintiff has failed to allege the required elements for a legally sufficient product liability claim pursuant to General Statutes §52-572m et seq. Specifically, the defendant claims that the plaintiff has failed to allege that the insert was defective and that the plaintiff was harmed by it. In opposition, the plaintiff contends that the facts as alleged do give rise to a legally sufficient product liability claim since the plaintiff has alleged that this defendant did provide the insert for implantation in the plaintiff.
"A principal purpose of the product liability statute [is] to protect people from the harm caused by defective and hazardous products." (Internal quotation marks omitted.) Vitanza v. Upjohn Co., 257 Conn. 365,381, 778 A.2d 829 (2001). "The central issue in a products liability action is whether the product in question is defective." Hartmann v.Black Decker Mfg. Co., 16 Conn. App. 1, 14, 547 A.2d 38 (1988). In considering the definition of a product liability claim, our Appellate Court has stated, "[t]he characterization of the types of conduct or activity enumerated in General Statutes 52-572m (b) must be broadly construed in light of the purposes of the statute." Rodia v. TescoCorp., 11 Conn. App. 391, 396, 527 A.2d 721 (1987).
The elements for a legally sufficient product liability claim are: "(1) the defendant was engaged in the business of selling the product; (2) the CT Page 409 product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation [is] sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition." Potter v. Chicano Pneumatic Tool Company,241 Conn. 199, 214, 694 A.2d 1319 (1997). "In a products liability action, the plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the plaintiffs injuries." (Internal quotation marks omitted.) Haesche v. Kissner, 229 Conn. 213,218, 640 A.2d 89 (1994).
"A product is defective when it is unreasonably dangerous to the consumer or user." Sharp v. Wyatt, Inc., 31 Conn. App. 824, 833,627 A.2d 1347 (1993), aff'd. 230 Conn. 12, 644 A.2d 871 (1994). "[A] product may be defective because the manufacturer or seller failed to warn of the product's unreasonably dangerous propensities. . . . Under such circumstances, the failure to warn, by itself, constitutes a defect." (Citations omitted; internal quotations marks omitted.) Battistoni v.Weatherking Products, Inc., 41 Conn. App. 555, 562. 676 A.2d 890 (1996).
In the first count, the plaintiff alleges that "[o]n or about April 22, 1997, Defendant Geist informed Plaintiff that the wrong instrument was used during the surgery and stated that Plaintiff would have to undergo additional surgery." (Revised Complaint, Count 12, ¶ 15.) This allegation is incorporated by reference into count twelve. Further, the plaintiff alleges in count twelve that "[l]ater, Defendant Geist was informed that the wrong polyethylene tibial insert was given to him by Defendant Tradewinds . . ." and "[o]n April 24, 1997, Defendant Geist reoperated the Plaintiff's left knee removing the wrong polyethylene tibial insert and implanting the correct polyethylene tibial inset" (Revised Complaint, count 12, ¶¶ 20-21.)
Viewing these and other allegations contained in count twelve in their most favorable light, the plaintiff has neither alleged that the insert in question was in any way defective nor that the insert itself caused the plaintiff any harm. Further, the plaintiff does not allege that the product had any unreasonably dangerous propensities of which this defendant failed to warn. The plaintiff very simply and clearly alleges that the polyethylene tibial insert implanted in the plaintiff was the wrong one.
The product liability statute was intended to protect the public from defective products. Since the plaintiff has not alleged that this product was in any way defective and has not alleged that she has been injured by this product, the plaintiff has failed to state a legally sufficient cause of action under the product liability statute.[1]
CT Page 410
 IV. CONCLUSION
Accordingly, the defendant's motion to strike (#184) count twelve is hereby granted. The references to count twelve in the corresponding prayers for relief, numbers 3 and 5, are also stricken. It is so ordered.
BY THE COURT
Robert B. Shapiro Judge of the Superior Court